# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HTI IP, LLC AND NETWORKFLEET, INC., § § § § PLAINTIFFS, § § V. § § DRIVEOK, INC. (D/B/A § VEHICLEPATH), WEBTECH § WIRELESS, INC., WEBTECH § WIRELESS USA LTD. AND XIRGO § TECHNOLOGIES, LLC, § § § DEFENDANTS. § | C.A. NO. 6:09-CV-370 |

## WEBTECH WIRELESS INC.'S
## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant WebTech Wireless Inc. ("WebTech Canada") answers Plaintiff's Complaint for Patent Infringement as follows:

### THE PARTIES

1. Upon information and belief, WebTech Canada admits that HTI IP is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 42 Perimeter Center East, Suite 400, Atlanta, Georgia, 30346.

2. Upon information and belief, WebTech Canada admits that NetworkFleet is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6363 Greenwich Dr., Suite 200, San Diego, California, 92122.

3. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. WebTech Canada admits that WebTech Wireless Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 215-4299 Canada Way, Burnaby, British Columbia, Canada V5G 1H3.

6. WebTech Canada admits that WebTech Wireless USA, Ltd. is a wholly owned subsidiary of WebTech Canada and is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1685 H Street, 1195, Blaine, Washington, 98230.

7. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. WebTech Canada admits this is purportedly an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

9. WebTech Canada admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. WebTech Canada admits that this Court has personal jurisdiction over WebTech Canada as to this action only. Any allegations not expressly admitted herein are denied.

11. WebTech Canada admits that it conducts business in the United States and in the Eastern District of Texas. Any allegations not expressly admitted herein are denied.

12. WebTech Canada denies that venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and §§ 1400 and/or 1404.

## THE PATENTS-IN-SUIT

13. WebTech Canada admits that on July 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,594,579 ("the '579 Patent") entitled *Internet-Based Method for Determining a Vehicle's Fuel Efficiency* to Larkin Hill Lowrey, Bruce Lightner, Matthew J. Banet, Diego Borrego, Chuck Myers and James Cowart. WebTech Canada admits that a copy of the '579 Patent was attached to the Complaint as Exhibit A. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. WebTech Canada admits that on August 5, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,604,033 ("the '033 Patent") entitled *Wireless Diagnostic System for Characterizing a Vehicle's Exhaust Emissions* to Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. WebTech Canada admits that a copy of the '033 Patent was attached to the Complaint as Exhibit B. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. WebTech Canada admits that on October 21, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,636,790 ("the '790 Patent") entitled *Wireless Diagnostic System and Method for Monitoring Vehicles* to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. WebTech Canada admits that a copy of the '790 Patent was attached to the Complaint as Exhibit C. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. WebTech Canada admits that on May 4, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,732,031 ("the '031 Patent") entitled *Wireless Diagnostic System for Vehicles* to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. WebTech Canada admits a copy of the '031 Patent was attached to the Complaint as Exhibit D. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. WebTech Canada admits that on January 20, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,480,551 ("the '551 Patent") entitled *Internet-Based Vehicle Diagnostic System* to Larkin Hill Lowrey, Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Wade Williams. WebTech Canada admits that a copy of the '551 Patent was attached to the Complaint as Exhibit E. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

## THE PRODUCTS

18. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. WebTech Canada denies that each of the "Patents-in-Suit" is directed to a novel wireless and/or internet based diagnostic monitoring system and/or novel method used to monitor and report data from the vehicle OBD/OBD-II system on one or a group of vehicles.

21. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. WebTech Canada admits that it sells the OBDII Gateway, WebTech Locator and Quadrant systems. WebTech Canada admits that these systems work with a vehicle OBD-II connector. Any allegations not expressly admitted herein are denied.

23. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

## COUNT I
### (Infringement of the '579 Patent)

24. WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-23. Any allegations of paragraphs 1-23 not specifically admitted herein are denied.

25. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. WebTech Canada denies these allegations.

29. WebTech Canada denies these allegations.

30. WebTech Canada denies these allegations.

31. WebTech Canada denies these allegations.

## COUNT II
### (Infringement of the '033 Patent)

32. WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-31. Any allegations of paragraphs 1-31 not specifically admitted herein are denied.

33. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. WebTech Canada denies these allegations.

37. WebTech Canada denies these allegations.

38. WebTech Canada denies these allegations.

39. WebTech Canada denies these allegations.

## COUNT III
**(Infringement of the '790 Patent)**

40. WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-39. Any allegations of paragraphs 1-39 not specifically admitted herein are denied.

41. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. WebTech Canada denies these allegations.

44. WebTech Canada denies these allegations.

45. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. WebTech Canada denies these allegations.

48. WebTech Canada denies these allegations.

## COUNT IV
**(Infringement of the '031 Patent)**

49. WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-48. Any allegations of paragraphs 1-48 not specifically admitted herein are denied.

50. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. WebTech Canada denies these allegations.

53. WebTech Canada denies these allegations.

54. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. WebTech Canada denies these allegations.

57. WebTech Canada denies these allegations.

## COUNT V
## (Infringement of the '551 Patent)

58. WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-57. Any allegations of paragraphs 1-57 not specifically admitted herein are denied.

59. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. WebTech Canada denies these allegations.

62. WebTech Canada denies these allegations.

63. WebTech Canada denies these allegations.

64. WebTech Canada denies these allegations.

## PRAYER FOR RELIEF

WebTech Canada denies that HTI IP and NetworkFleet are entitled to any of the requested relief. WebTech Canada demands a trial by jury of all disputed, material facts (including any such facts later pleaded in the counterclaims below).

## DEMAND FOR JURY TRIAL

WebTech Canada admits that HTI IP and NetworkFleet demand a trial by jury.

## AFFIRMATIVE DEFENSES AND/OR OTHER AVOIDANCES

1. WebTech Canada does not infringe any valid, enforceable claim of the Patents-in-Suit.

2. The Patents-in-Suit are invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, the requirements of Sections 101, 102, 103 and 112.

3. HTI IP and NetworkFleet are estopped (by way of prosecution history estoppel and all other forms of estoppel) from asserting the Patents-in-Suit in any way cover or include (literally or by Doctrine of Equivalents) any method or system manufactured, used, imported, sold, or offered for sale by WebTech CANADA.

4. HTI IP and NetworkFleet are not entitled to injunctive relief due to HTI IP and NetworkFleet's unclean hands.

5. HTI IP and NetworkFleet have failed to state a claim on which relief may be granted.

6. HTI IP and NetworkFleet's claims are barred by laches.

7. HTI IP and NetworkFleet's claims are barred by equitable and/or quasi-estoppel.

## COUNTERCLAIMS

WebTech Canada counterclaims against HTI IP and NetworkFleet as follows:

1. WebTech Wireless Inc. ("WebTech Canada") is a corporation organized and existing under the laws of Canada, with a principal place of business at 215-4299 Canada Way, Burnaby, British Columbia, Canada V5G 1H3.

2. Upon information and belief, HTI IP, LLC ("HTI IP") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 42 Perimeter Center East, Suite 400, Atlanta, Georgia, 30346.

3. Upon information and belief, NetworkFleet, Inc. ("NetworkFleet") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6363 Greenwich Dr., Suite 200, San Diego, California, 92122.

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2001 because they arise under an Act of Congress relating to patents, and (b) pursuant to 28 U.S.C. § 1367.

5. By filing their Complaint, HTI IP and NetworkFleet have consented to the personal jurisdiction and venue of this Court.

**DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '579 PATENT**

6. To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-5, the same as if set forth at length.

7. On July 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,594,579 ("the '579 Patent") entitled *Internet-Based Method for Determining a Vehicle's Fuel Efficiency* to Larkin Hill Lowrey, Bruce Lightner, Matthew J. Banet, Diego Borrego, Chuck Myers and James Cowart. HTI IP and NetworkFleet claim to own all rights in and to the '579 Patent.

8. HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '579 Patent.

9. An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '579 Patent.

10. WebTech Canada has not directed infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '579 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '579 Patent.

11. The '579 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '033 PATENT

12. To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-11, the same as if set forth at length.

13. On August 5, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,604,033 ("the '033 Patent") entitled "*Wireless Diagnostic System for Characterizing a Vehicle's Exhaust Emissions*" to Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. HTI IP and NetworkFleet claim to own all rights in and to the '033 Patent.

14. HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '033 Patent.

15. An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '033 Patent.

16. WebTech Canada has not directed infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '033 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '033 Patent.

17. The '033 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '790 PATENT

18. To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-17, the same as if set forth at length.

19. On October 21, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,636,790 ("the '790 Patent") entitled *Wireless Diagnostic System and Method for Monitoring Vehicles* to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. HTI IP and NetworkFleet claim to own all rights in and to the '790 Patent.

20. HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '790 Patent.

21. An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '790 Patent.

22. WebTech Canada has not directed infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '790 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '790 Patent.

23. The '790 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '031 PATENT

24. To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-23, the same as if set forth at length.

25. On May 4, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,732,031 ("the '031 Patent") entitled *Wireless Diagnostic System for Vehicles* to

Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. HTI IP and NetworkFleet claim to own all rights in and to the '031 Patent.

26. HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '031 Patent.

27. An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '031 Patent.

28. WebTech Canada has not directed infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '031 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '031 Patent.

29. The '031 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '551 PATENT

30. To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-29, the same as if set forth at length.

31. On January 20, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,480,551 ("the '551 Patent") entitled *Internet-Based Vehicle Diagnostic System* to Larkin Hill Lowrey, Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Wade Williams. HTI IP and NetworkFleet claim to own all rights in and to the '551 Patent.

32. HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '551 Patent.

33. An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '551 Patent.

34. WebTech Canada has not directed infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '551 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '551 Patent.

35. The '551 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, WebTech Canada respectfully prays that upon final trial a judgment be entered and that the following relief be granted:

1. HTI IP and NetworkFleet's Complaint be dismissed with prejudice;

2. HTI IP and NetworkFleet take nothing by their Complaint in this action;

3. Entry of a declaratory judgment that WebTech does not infringe the Patents-in-Suit;

4. Entry of a declaratory judgment that the Patents-in-Suit are invalid; and

5. WebTech Canada be granted such other and further relief, general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted this 18th day of November, 2009

|  | /s/ *Brett C. Govett*<br>Brett C. Govett<br>Texas Bar No. 08235900<br>Email: bgovett@fulbright.com<br>Kirby B. Drake<br>Texas Bar No. 24036502<br>Email: kdrake@fulbright.com<br><br>FULBRIGHT & JAWORSKI L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-2784<br>Telephone: (214) 855-8000<br>Facsimile: (214) 855-8200<br><br>**COUNSEL FOR DEFENDANT WEBTECH WIRELESS INC.** |
|---|---|

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document has been served in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas on November 18, 2009.

>        */s/ Brett C. Govett*
>             Brett C. Govett