# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. § <br> § <br> *Plaintiffs,* § <br> § <br> vs. § <br> § <br> PROCON, INC., WEBTECH WIRELESS, § <br> INC., WEBTECH WIRELESS USA LTD. and § <br> XIRGO § <br> TECHNOLOGIES, LLC § <br> § <br> *Defendants.* § <br> § <br> And Related Counterclaims § <br> § <br> § | CIVIL ACTION NO: 6:09-cv-370 <br> JURY TRIAL DEMANDED |

## HTI IP, LLC AND NETWORKFLEET, INC.'S REPLY TO DEFENDANT PROCON, INC.'S COUNTERCLAIMS

Plaintiffs/Counterdefendants HTI IP, LLC and NetworkFleet, Inc. (collectively "HTI"), by and through their designated attorneys, hereby reply to the counterclaims of defendant PROCON, Inc. ("PROCON"). HTI responds to PROCON's allegations using the same paragraph numbers that appear in PROCON's counterclaims. All factual allegations not expressly admitted below are denied.

## REPLY TO COUNTERCLAIMS

86. HTI is without knowledge or information sufficient to admit or deny the allegations in paragraph 86 and therefore denies the same.

87. HTI is without knowledge or information sufficient to admit or deny the allegations in paragraph 87 and therefore denies the same.

88. HTI is without knowledge or information sufficient to admit or deny the allegations in paragraph 88 and therefore denies the same.

89. HTI admits the allegations in paragraph 89.

90. HTI admits the allegations in paragraph 90.

91. HTI admits that there is subject matter jurisdiction over this action.

**COUNT I – DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY OF THE '579 PATENT**

92. HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 91 of its Answer and Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 64 of its complaint and the admissions and denials in paragraphs 86 through 91 of this reply. HTI further states that paragraphs 65 through 85 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

93. HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '579 patent are invalid, void, and not infringed by any act of DriveOK or PROCON.

94. HTI admits the allegations in paragraph 94.

95. HTI admits that an actual controversy exists between HTI and PROCON with respect to the '579 patent. HTI denies the remaining allegations in paragraph 95.

96. HTI denies the allegations in paragraph 96.

**COUNT II – DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '033 PATENT**

97. HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 96 of its Answer and Counterclaim, and

incorporates herein its allegations and replies as set forth in paragraphs 1 through 64 of its complaint and the admissions and denials in paragraphs 86 through 96 of this reply. HTI further states that paragraphs 65 through 85 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

98. HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '033 patent are invalid, void, and not infringed by any act of DriveOK or PROCON.

99. HTI admits the allegations in paragraph 99.

100. HTI admits that an actual controversy exists between HTI and PROCON with respect to the '033 patent. HTI denies the remaining allegations in paragraph 100.

101. HTI denies the allegations in paragraph 101.

### COUNT III – DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '790 PATENT

102. HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 101 of its Answer and Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 64 of its complaint and the admissions and denials in paragraphs 86 through 101 of this reply. HTI further states that paragraphs 65 through 85 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

103. HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '790 patent are invalid, void, and not infringed by any act of DriveOK or PROCON.

104. HTI admits the allegations in paragraph 104.

105. HTI admits that an actual controversy exists between HTI and PROCON with respect to the '790 patent. HTI denies the remaining allegations in paragraph 105.

106. HTI denies the allegations in paragraph 106.

### COUNT IV – DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '031 PATENT

107. HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 106 of its Answer and Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 64 of its complaint and the admissions and denials in paragraphs 86 through 106 of this reply. HTI further states that paragraphs 65 through 85 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

108. HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '031 patent are invalid, void, and not infringed by any act of DriveOK or PROCON.

109. HTI admits the allegations in paragraph 109.

110. HTI admits that an actual controversy exists between HTI and PROCON with respect to the '031 patent. HTI denies the remaining allegations in paragraph 110.

111. HTI denies the allegations in paragraph 111.

### COUNT V – DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '551 PATENT

112. HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 111 of its Answer and Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 64 of its complaint and the admissions and denials in paragraphs 86 through 111 of this

reply. HTI further states that paragraphs 65 through 85 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

113. HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '551 patent are invalid, void, and not infringed by any act of DriveOK or PROCON.

114. HTI admits the allegations in paragraph 114.

115. HTI admits that an actual controversy exists between HTI and PROCON with respect to the '551 patent. HTI denies the remaining allegations in paragraph 115.

116. HTI denies the allegations of paragraph 89.

Dated: December 3, 2009                    Respectfully submitted,

**McKOOL SMITH**

By:  */s/ Sam F. Baxter*
    Sam F. Baxter, Lead Attorney
    Texas State Bar No. 01938000
    sbaxter@mckoolsmith.com
    MCKOOL SMITH, P.C.
    104 E. Houston St., Ste. 300
    P.O. Box O
    Marshall, Texas 75670
    Telephone:  (903) 923-9000
    Fax:  (903) 923-9099

    Robert M. Manley
    Texas State Bar No. 00787955
    rmanley@mckoolsmith.com
    Martin C. Robson, III
    Texas State Bar No. 24004892
    mrobson@mckoolsmith.com
    McKOOL SMITH, P.C.
    300 Crescent Court, suite 1500
    Dallas, Texas 75201
    Telephone:  (214) 978-4000
    Fax:  (214) 978-4044

    Robert M. Masters
    robmasters@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    875 15th Street, N.W.,
    Washington, D.C. 20005
    Telephone: (202) 551-1700
    Facsimile: (202) 551-0238

    Elizabeth L. Brann
    elizabethbrann@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    4747 Executive Drive
    12th Floor
    San Diego, California 92121
    Telephone: (858) 458-3000
    Facsimile: (858) 458-3005

**ATTORNEYS FOR PLAINTIFFS HTI IP, LLC AND NETWORKFLEET, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 3, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service.

               */s/ Martin C. Robson*
               Martin C. Robson