**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. | § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO: 6:09-cv-370 |
| vs. | § § | JURY TRIAL DEMANDED |
| PROCON, INC., WEBTECH WIRELESS, INC., WEBTECH WIRELESS USA LTD. and XIRGO TECHNOLOGIES, LLC | § § § § § | |
| *Defendants.* | § § | |
| And Related Counterclaims | § § § § | |

**HTI IP, LLC AND NETWORKFLEET, INC.'S REPLY TO DEFENDANT
WEBTECH WIRELESS INC.'S COUNTERCLAIMS**

Plaintiffs/Counterdefendants HTI IP, LLC and NetworkFleet, Inc. (collectively "HTI"), by and through their designated attorneys, hereby reply to the counterclaims of defendant WebTech Wireless Inc. ("WebTech Canada"). HTI responds to WebTech Canada's allegations using the same paragraph numbers that appear in WebTech Canada's counterclaims. All factual allegations not expressly admitted below are denied.

**REPLY TO COUNTERCLAIMS**

1. HTI is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 and therefore denies the same.

2. HTI admits that HTI IP is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 41 Perimeter Center East, Suite 400, Atlanta, Georgia 30346.

3.       HTI admits the allegations in paragraph 3.

4.       HTI admits that there is subject matter jurisdiction over this action but denies that 28 U.S.C. § 2001 confers that jurisdiction.

5.       HTI admits the allegations in paragraph 5.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '579 PATENT

6.       HTI admits that WebTech Canada purports to incorporate paragraphs 1 through 5 of its Counterclaims, and incorporates herein its admissions and denials in paragraphs 1 through 5 of this reply.

7.       HTI admits the allegations in paragraph 7.

8.       HTI admits the allegations in paragraph 8.

9.       HTI admits the allegations in paragraph 9.

10.      HTI denies the allegations in paragraph 10.

11.      HTI denies the allegations in paragraph 11.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '033 PATENT

12.      HTI admits that WebTech Canada purports to incorporate paragraphs 1 through 11 of its Counterclaims, and incorporates herein its admissions and denials in paragraphs 1 through 11 of this reply.

13.      HTI admits the allegations in paragraph 13.

14.      HTI admits the allegations in paragraph 14.

15.      HTI admits the allegations in paragraph 15.

16.      HTI denies the allegations in paragraph 16.

17.      HTI denies the allegations in paragraph 17.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '790 PATENT

18.     HTI admits that WebTech Canada purports to incorporate paragraphs 1 through 17 of its Counterclaims, and incorporates herein its admissions and denials in paragraphs 1 through 17 of this reply.

19.     HTI admits the allegations in paragraph 19.

20.     HTI admits the allegations in paragraph 20.

21.     HTI admits the allegations in paragraph 21.

22.     HTI denies the allegations in paragraph 22.

23.     HTI denies the allegations in paragraph 23.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '031 PATENT

24.     HTI admits that WebTech Canada purports to incorporate paragraphs 1 through 23 of its Counterclaims, and incorporates herein its admissions and denials in paragraphs 1 through 23 of this reply.

25.     HTI admits the allegations in paragraph 25.

26.     HTI admits the allegations in paragraph 26.

27.     HTI admits the allegations in paragraph 27.

28.     HTI denies the allegations in paragraph 28.

29.     HTI denies the allegations in paragraph 29.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '551 PATENT

30.     HTI admits that WebTech Canada purports to incorporate paragraphs 1 through 29 of its Counterclaims, and incorporates herein its admissions and denials in paragraphs 1 through 29 of this reply.

Dallas 292260v1

31.     HTI admits the allegations in paragraph 31.

32.     HTI admits the allegations in paragraph 32.

33.     HTI admits the allegations in paragraph 33.

34.     HTI denies the allegations in paragraph 34.

35.     HTI denies the allegations in paragraph 35.

Dallas 292260v1

Dated: December 11, 2009

Respectfully submitted,

**McKOOL SMITH**

By:  */s/ Sam F. Baxter*

Sam F. Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone:  (903) 923-9000
Fax:  (903) 923-9099

Robert M. Manley
Texas State Bar No. 00787955
rmanley@mckoolsmith.com
Martin C. Robson, III
Texas State Bar No. 24004892
mrobson@mckoolsmith.com
McKOOL SMITH, P.C.
300 Crescent Court, suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Fax:  (214) 978-4044

Robert M. Masters
robmasters@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.,
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-0238

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

**ATTORNEYS FOR PLAINTIFFS HTI IP, LLC AND NETWORKFLEET, INC.**

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.


*/s/ Martin C. Robson*
Martin C. Robson

Dallas 292260v1