IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. | § § § | |
| *Plaintiffs* | § | |
| vs. | § § | CIVIL ACTION NO: 6:09-cv-370 |
| PROCON, INC., WEBTECH WIRELESS, INC., WEBTECH WIRELESS USA LTD. and XIRGO TECHNOLOGIES, LLC | § § § § § | JURY TRIAL DEMANDED |
| *Defendants* | § § | |
| And Related Counterclaims | § § § | |

**HTI IP, LLC AND NETWORKFLEET, INC.'S SUR-REPLY IN
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER**

Xirgo Technologies' ("Xirgo") Reply In Support of Its Motion to Transfer misconstrues the case law and the record in an effort to obtain transfer of this case to the Southern District of California. Xirgo fails to explain why it and its co-defendant WebTech Wireless, Inc. prefer to litigate in the Southern District of California when neither of them is located in that district. Indeed, Xirgo's reply uses a double standard: interests close to the Southern District of California weigh in favor of transfer while interests close to the Eastern District of Texas are neutral. This double standard should be rejected.

Xirgo attempts to place the burden on Plaintiffs HTI IP, LLC and NetworkFleet, Inc. to justify their choice of venue. The law, however, is clear that it is Xirgo's burden to demonstrate that the Southern District of California is "clearly more convenient" than

the Eastern District of Texas. That is especially true where, as here, Xirgo has admitted that venue is proper. Accordingly, Xirgo's motion to transfer should be denied for Xirgo's failure to make a showing that the Southern District of California is "clearly more convenient" than the Eastern District of Texas.

I. THE AVAILABILITY OF COMPULSORY PROCESS WEIGHS AGAINST TRANSFER

Xirgo relies heavily on *In re Hoffmann-La Roche Inc.*, Docket No. 911, 2009 U.S. App. LEXIS 26244 (Fed. Cir. Dec. 2, 2009) in support of its reply. In that case, however, the parties identified four non-party witnesses who resided in or near the transferee venue. *Id.* at *3–4. Indeed, the transferee venue had the power to subpoena those witnesses to attend both trial and a deposition. *Id.* at *12. The Federal Circuit criticized the district court for failing to consider that factor.

Xirgo improperly argues that Defendants' employees are subject to subpoena in the Southern District of California but not in the Eastern District of Texas. (Reply in Supp. of Mot. to Transfer at 4–5.) Given that Defendants' employees are party witnesses, however, the ability of the court to subpoena them is irrelevant to the transfer analysis. *Mediostream, Inc. v. Microsoft Corp.*, No. 2:08-cv-369, 2009 U.S. Dist. LEXIS 90952 at *15 (E.D. Tex. Sep. 30, 2009). Therefore, Xirgo cannot show that "the availability of compulsory process" factor weighs in favor of transfer.

II. SAN DIEGO IS NOT MORE CONVENIENT FOR MOST WITNESSES

Xirgo cannot demonstrate that San Diego is more convenient for most party witnesses because it has not identified those witnesses. In *In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2009), *In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009) and *In re Hoffmann-La Roche*, 2009 U.S. App. LEXIS 26244 (Fed. Cir. Dec. 2, 2009), the movant identified

2

where the key party witnesses reside, allowing the Court to assess the numbers of witnesses who would have to travel to trial. *TS Tech*, 551 F.3d at 1320; *Genentech*, 566 F.3d at 1343; *Hoffmann-La Roche*, 2009 U.S. App. LEXIS 26244 at *4. That identification allowed the Court to assess the numbers of individuals who would be inconvenienced.

Here, Xirgo has only identified its own members as key witnesses for trial.[1] (Kelkar Decl. ¶ 4.) Notably, none of those members live in the Southern District of California. Instead, four of them are located more than 100 miles from San Diego, and the other two are located more than 1000 miles away from San Diego in Minnesota.[2] (Kelkar Decl. ¶ 4; Mot. to Transfer at 9.) Although PROCON submitted a declaration in support of Xirgo's motion, no specific key witnesses from PROCON's San Diego facility have been identified, and it is not known whether those key witnesses still live in San Diego. Similarly, although WebTech Wireless also submitted a declaration in support of Xirgo's motion, that declaration did not identify any specific key witnesses from WebTech Wireless or where those key witnesses reside. Accordingly, Xirgo has not made the showing necessary to prove greater convenience of witnesses.

---

[1] Although Xirgo has also identified Plaintiff NetworkFleet's San Diego witnesses, the location of those witnesses should not be used to disrupt NetworkFleet's own choice of forum.

[2] Xirgo takes inconsistent positions regarding the distance that can be considered "convenient" for its witnesses. It simultaneously touts the importance of the 100-mile rule in determining convenience and argues that San Diego is more convenient for its witnesses who live closer to Tyler than to San Diego. (Mot. to Transfer at 7; Reply Br. Concerning Mot. to Transfer Venue at 4.)

3

## III. THE LOCAL INTEREST FACTOR DOES NOT CONTROL THE DECISION ON THE MOTION TO TRANSFER

Xirgo tries to paint the local interest factor as controlling the transfer analysis. *Hoffman-La Roche*, however, did not solely rely on the local interest factor but rather assessed that factor in combination with the other transfer factors. 2009 U.S. App. LEXIS 26244 at *13. The Federal Circuit did not criticize the lower court's decision for considering the other *forum non conveniens* factors in determining the motion, but rather stated that whether there is a local interest in the case is an inquiry separate from the private factors. *Id.* at *13–14. The Court then stated that the local interest factor favored transfer and treated it like the remainder of the factors. *Id.* at *14. The Federal Circuit also relied on the increased availability of compulsory process, the lower time to trial, and the location of evidence in ordering transfer. *Id.* at *7–8. Accordingly, local interest does not outweigh all other factors as implied in Xirgo's reply.

## IV. CONCLUSION

Xirgo cannot make a showing that the Southern District of California is "clearly more convenient" than the Eastern District of Texas. Therefore, Xirgo's motion to transfer should be denied.

4

Dallas 292888v1

Dated: December 23, 2009

Respectfully submitted,

**McKOOL SMITH**

By: */s/ Sam F. Baxter*
    Sam F. Baxter, Lead Attorney
    Texas State Bar No. 01938000
    sbaxter@mckoolsmith.com
    MCKOOL SMITH, P.C.
    104 E. Houston St., Ste. 300
    P.O. Box O
    Marshall, Texas 75670
    Telephone: (903) 923-9000
    Fax: (903) 923-9099

    Robert M. Manley
    Texas State Bar No. 00787955
    rmanley@mckoolsmith.com
    Martin C. Robson, III
    Texas State Bar No. 24004892
    mrobson@mckoolsmith.com
    McKOOL SMITH, P.C.
    300 Crescent Court, suite 1500
    Dallas, Texas 75201
    Telephone: (214) 978-4000
    Fax: (214) 978-4044

Robert M. Masters
robmasters@paulhastings.com
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
875 15th Street, N.W.,
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-0238

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
4747 Executive Drive
12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

*Attorneys for Plaintiff HTI IP, LLC and NetworkFleet, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.

*/s/ Martin C. Robson*
Martin C. Robson

Dallas 292888v1