# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. § <br> § <br> *Plaintiffs* § <br> § <br> vs. § <br> § <br> PROCON, INC., WEBTECH WIRELESS, § <br> INC., WEBTECH WIRELESS USA LTD. and § <br> XIRGO TECHNOLOGIES, LLC § <br> *Defendants* § <br> § <br> And Related Counterclaims § <br> § | CIVIL ACTION NO: 6:09-cv-370 <br> JURY TRIAL DEMANDED |

## HTI IP, LLC AND NETWORKFLEET, INC.'S SURREPLY IN OPPOSITION TO DEFENDANT WEBTECH WIRELESS USA LTD.'S MOTION TO DISMISS

Despite Plaintiffs HTI IP, LLC and NetworkFleet, Inc.'s (collectively, "HTI") detailed opposition to WebTech Wireless USA Ltd.'s ("WebTech USA") motion to dismiss, WebTech USA still has not identified how it is separate from its parent WebTech Wireless Inc. ("WebTech Canada"). (WebTech USA and WebTech Canada is referred to collectively as "WebTech Wireless.") HTI has set forth a prima facie case demonstrating that WebTech USA is subject to personal jurisdiction due to both its own activities and the activities of its parent. WebTech USA, however, has offered only conclusory statements about what it does not do and has offered no explanation of its activities. In addition, WebTech USA has offered no legal basis for disputing that HTI's prima facie showing compels a finding of personal jurisdiction. Accordingly, WebTech USA's motion to dismiss should be denied.

## I. WEBTECH USA IS SUBJECT TO PERSONAL JURISDICTION THROUGH ITS WEBSITE

The WebTech Wireless website (www.webtechwireless.com) holds itself out to be the website for both WebTech Canada and WebTech USA. The "Contact" page of the website has contact information for both WebTech Canada and WebTech USA. (Dkt. No. 54, Robson Decl., Ex. 2.) Further, WebTech USA does not dispute that the website has been used by individuals in the Eastern District of Texas and that those uses are related to the claims in this lawsuit. WebTech USA also offers no evidence showing that the assertion of jurisdiction over it would be unreasonable or unfair.

WebTech USA has offered no reliable evidence to rebut HTI's prima facie case. WebTech has offered only an unsupported, conclusory declaration from Scott Edmonds, an officer of WebTech Canada, stating without support that WebTech USA's employees have no involvement with the WebTech Wireless website. (Dkt. No. 65, Supp. Edmonds Decl. ¶ 3.) Yet, Edmonds offers no information about what WebTech USA's employees do to enable the Court to verify his conclusions. Accordingly, personal jurisdiction over WebTech USA is proper by virtue of the WebTech Wireless website.

Given that discovery has not yet occurred in this case and the Court has not held an evidentiary hearing, HTI need only set forth a prima facie case that jurisdiction is proper. *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998). Any factual disputes must be resolved in favor of HTI. *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Here, WebTech USA has not disputed that HTI's prima facie case satisfies the test for personal jurisdiction but merely has tried to create factual disputes.

Those disputes must be resolved in HTI's favor, and accordingly personal jurisdiction is proper.

## II. WEBTECH USA IS SUBJECT TO PERSONAL JURISDICTION THROUGH THE ACTIVITIES OF ITS PARENT WEBTECH CANADA

WebTech USA broadly argues that the activities of WebTech USA cannot be attributed to it without addressing the detailed showing made by HTI. Indeed, WebTech USA ignores the facts set forth in HTI's opposition and puts forth no evidence to contradict that contained in the Declaration of Martin Robson supporting their opposition. Specifically, personal jurisdiction over WebTech USA is proper because:

- WebTech USA "is not a self-supporting entity and receives its funding for operations from WebTech Canada." (Dkt. No. 43, Edmonds Decl. ¶ 4.)

- WebTech USA apparently did not have an employee or officer capable of submitting a declaration on its behalf because Scott Edmonds, the Chief Financial Officer of WebTech Canada, made the declaration in support of WebTech USA's motion to dismiss. (Dkt. No. 43, Edmonds Decl. ¶ 1.) No record of WebTech USA officers could be found through searches of corporate databases. Accordingly, to the extent that WebTech USA has officers, they are shared with WebTech Canada.

- WebTech USA does not have an operating board separate from WebTech Canada. (Dkt. No. 43, Edmonds Decl. ¶ 4.) Therefore, WebTech USA cannot observe corporate formalities such as having separate board meetings.

- WebTech USA's mailing address registered with the State of Washington is the same as WebTech Canada's headquarters, and WebTech USA's

3

Dallas 292971v1

contact number forwards the caller to WebTech Canada's headquarters. (Dkt. No. 54, Robson Decl., Ex. 5; Robson Decl. ¶¶ 3–4.) The business address for WebTech USA provided in the Edmonds Declaration is in fact the address of a Mailboxes International in Blaine, Washington. (Dkt. No. 54, Robson Decl., Ex. 6.) The address is just 1.6 miles south of the Canadian border and just a 26.1 mile drive from WebTech Canada's headquarters in Burnaby, BC. (Dkt. No. 54, Robson Decl., Ex. 7.) Accordingly, WebTech USA's "principal place of business" appears to be only a mailbox conveniently located close to WebTech Canada's headquarters.

In light of these facts, WebTech USA is the alter ego of WebTech Canada. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201 (5th Cir. 1996). WebTech USA provides no facts and no case law demonstrating that it is not in fact the alter ego of WebTech Canada. Accordingly, allowing WebTech USA to escape liability due to its separate corporate form would be improper. *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1496 (5th Cir. 1993).

WebTech USA attempts to distinguish *Villar* on the facts, but fails to acknowledge that the case expressly states that personal jurisdiction over a subsidiary may be established if that subsidiary is the alter ego of the parent. *Id.* at 1496. Although such a case was not established in *Villar*, HTI's detailed and unrebutted factual showing in this case justifies an exercise of personal jurisdiction.

## III. CONCLUSION

WebTech USA has no legal basis to dispute HTI's prima facie showing of personal jurisdiction. Accordingly, WebTech USA's motion to dismiss should be denied.

4

Dated: December 28, 2009

Respectfully submitted,

**McKOOL SMITH**

By: */s/ Sam F. Baxter*
    Sam F. Baxter, Lead Attorney
    Texas State Bar No. 01938000
    sbaxter@mckoolsmith.com
    MCKOOL SMITH, P.C.
    104 E. Houston St., Ste. 300
    P.O. Box O
    Marshall, Texas 75670
    Telephone: (903) 923-9000
    Fax: (903) 923-9099

    Robert M. Manley
    Texas State Bar No. 00787955
    rmanley@mckoolsmith.com
    Martin C. Robson, III
    Texas State Bar No. 24004892
    mrobson@mckoolsmith.com
    MCKOOL SMITH, P.C.
    300 Crescent Court, suite 1500
    Dallas, Texas 75201
    Telephone: (214) 978-4000
    Fax: (214) 978-4044

    Robert M. Masters
    robmasters@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    875 15th Street, N.W.,
    Washington, D.C. 20005
    Telephone: (202) 551-1700
    Facsimile: (202) 551-0238

    Elizabeth L. Brann
    elizabethbrann@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    4747 Executive Drive
    12th Floor
    San Diego, California 92121
    Telephone: (858) 458-3000
    Facsimile: (858) 458-3005

*Attorneys for Plaintiff HTI IP, LLC and NetworkFleet, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.

*/s/ Martin C. Robson*
Martin C. Robson

Dallas 292971v1