**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS – TYLER DIVISION**

| | |
|---|---|
| HTI IP, LLC et al., <br>     *Plaintiffs,* <br> vs. <br> DriveOK, Inc., et al., <br>     *Defendants.* <br> And Related Counterclaim | Civil Action No: 6:09-cv-370 LED <br> Jury |

**UNCONTESTED MOTION BY DEFENDANT XIRGO TECHNOLOGIES, LLC TO FILE A SUPPLEMENTARY BRIEF SUPPORTING ITS MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Defendant Xirgo Technologies, LLC (Xirgo) moves to file a supplementary brief in support of Xirgo's pending motion to transfer this action to the United States District Court for the Southern District of California under 28 U.S.C. § 1404(a). Plaintiffs do not contest this motion to supplement but request the right to reply. Xirgo does not object to the filing of a reply.

The supplemental brief is attached to this motion.

The supplementation adds plaintiff NetworkFleet's motion as a defendant in this court in *Innovative Global Systems LLC v. Turnpike Global Technologies L.L.C., et al*, Case No. 6:09cv157 LED-JDL to sever and transfer venue to the Southern District of California. Its position there is inconsistent with its position here. Xirgo discovered the *Innovative Global* case during the week of January 18. See Harris Decl., Ex. 1.

Defendant moved to transfer this action to the Southern District of California under § 1404(a). The matter is pending and the parties have briefed the issues. Dkt. 39, 55, 61, 66. Xirgo established that plaintiff NetworkFleet, the operating company that developed the technology at issue, is headquartered in San Diego. All inventors but one lived in the San Diego area when they filed the patents in suit.

Plaintiffs' position here is that the suit should remain in this court because its ties to the Southern District of California are minimal. They assert that their documents are in Atlanta, co-plaintiff HTI IP's headquarters. They also claim that witnesses and evidence are scattered around the country.

The supplemental brief that Xirgo seeks to present shows that in July 2009 in *Innovative Global*, NetworkFleet as a defendant and accused infringer, filed a motion to sever and transfer in which it made inconsistent arguments and took positions opposite those it take here. In particular, it argued and presented evidence that neither NetworkFleet nor plaintiff there had any connection to the Eastern District of Texas and that no witnesses reside in the district. Further, it argued, "[T]he vast majority of the identified witnesses, evidence and events leading to this case involve the Southern District of California, where NetworkFleet is located." NetworkFleet also alleged that outside designers who developed their products were California residents. Though *Innovative Global* and this suit involve different patents, the patents relate to vehicle telematics, transmitting vehicle conditions such as position, speed, engine conditions, emissions and other data to remote computers for analysis and storage. Moreover, NetworkFleet's products at issue in *Innovative Global* are the subject of its patents here. Thus, material inconsistencies be-

tween NetworkFleet position in *Innovative Global* and its position here are highly relevant to the venue motion in this case.

Accordingly, Xirgo requests that the court consider the supplemental brief as it decides Xirgo's motion to transfer venue.

January 21, 2010

Michael E. Jones, State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner, State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX 75702
Phone: (903) 597-8311 • Fax: (903) 593-0846

/s/ *Michael D. Harris*
Michael D. Harris, Cal. Bar No. 59,470
MHarris@socalip.com
Steven C. Sereboff, Cal. Bar No. 156,731
SSereboff@socalip.com
Kala Sarvaiya, Cal. Bar No. 238,453
KSarvaiya@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for defendant and counterclaimant Xirgo Technologies, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2010, I electronically filed the foregoing document "Uncontested Motion by Defendant Xirgo Technologies, LLC to File a Supplementary Brief Supporting its Motion to Transfer Venue under 28 U.S.C. § 1404(A)" using the Case Management/Electronic Case Filing (CM/ECF) system per Local Rule CV-5(a)(3), which will send a Notice of Electronic Filing of the document to the CM/ECF participants. I will serve any other counsel of record who are not registered with CM/ECF by email and/or first class mail on the same date.

January 21, 2010

/s/ *Michael Harris*
Michael D. Harris

### CERTIFICATE OF CONFERENCE

I certify that I complied with the meet and confer requirement in Local Rule CV-7(h). This motion is not opposed. I exchanged emails with plaintiffs' attorney Elizabeth Brann on January 20, 2010. We agreed that Xirgo could file its motion, and plaintiffs could respond to the supplemental brief. Plaintiffs do not concede that the supplemental brief contains relevant materials. The attorneys for the other defendant agree.

January 21, 2010

s/ *Michael Harris*
Michael D. Harris