UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS – TYLER DIVISION

| HTI IP, LLC et al., | |
|---|---|
| *Plaintiffs,* | Civil Action No: 6:09-cv-370 LED-JDL |
| vs. | Jury |
| DriveOK, Inc., et al., | Patent Case |
| *Defendants.* | |
| And Related Counterclaim | |

### XIRGO TECHNOLOGIES, LLC'S SUPPLEMENTAL BRIEF SUPPORTING ITS MOTION TO TRANSFER THE ACTION UNDER 28 U.S.C. § 1404(a)

Only six months ago, in *Innovative Global Systems LLC v. Turnpike Global Technologies L.L.C., et al*, Case No. 6:09cv157 LED-JDL, NetworkFleet as a defendant and accused infringer moved to sever itself from the other defendants and transfer venue from this court to the Southern District of California. Exhibit A contains that motion and its supporting exhibits.

In particular, it argued and presented evidence that NetworkFleet and plaintiff there had no connection to the Eastern District of Texas. NetworkFleet began its motion in *Innovative Global* as follows:

> Defendant NetworkFleet has no office in the Eastern District of Texas; neither does Plaintiff Innovative Global …. No identified witnesses reside in the Eastern District of Texas. No known evidence is located within this venue. Instead, the vast majority of the identified witnesses, evidence and events leading to this case involve the Southern District of California, where NetworkFleet is located.

Ex. A, p. 1. NetworkFleet also stated, "The accused products were developed in San Diego, California and NetworkFleet's witnesses and evidence are located in California."

*Id.* p. 1. NetworkFleet's Vice-president of Product Engineering, Diego Borrego, who also is a named inventor of all patents-in-suit in the present case, submitted a declaration stating:

> All NetworkFleet employees with knowledge about NetworkFleet's financial, markets, distribution, manufacturing, or product design and engineering as it relates to NetworkFleet's 3500 product line, live and work in California. NetworkFleet's documents relating to these issues are all maintained within California.
>
> Individuals not employed by NetworkFleet with knowledge about the 3500 product line design and engineering live and work in California. Specifically, NetworkFleet utilized the services of a design firm in California for mechanical aspects of the 3500 product line.
>
> The 3500 product line was developed at NetworkFleet's corporate facility in San Diego, California and is currently assembled in California.

Ex. A, p. 28 (paragraph numbering of paragraphs from declaration omitted). Mr. Borrego also declared:

> NetworkFleet products are sold throughout the United States. NetworkFleet's sales operations are headquartered in California. In Texas, NetworkFleet relies on independent resellers in Dallas and Houston, Texas, The independent resellers sell a variety of manufacturer's telematics products and. are not NetworkFleet employees. Thus, any independent resellers located in Texas are unlikely to have information regarding the alleged infringement by the 3500 product line.

*Id.*, p. 29. These statements are inconsistent with NetworkFleet's declarations and arguments here. In *Innovative Global*, NetworkFleet not only admitted that all the evidence was in San Diego, it also alleged that relevant third party witnesses who "design and engineer[]" NetworkFleet products live in California. Here, however, plaintiffs argued. "No additional third party witnesses will be subject to trial subpoena if this case is transferred to the Southern District of California." Though Xirgo does not yet know where in California the third-party witnesses reside, they could be subject to subpoena in San Diego.

See FED. R. CIV. P. 45(c)(3)(A)(ii) (witnesses "may be commanded to attend a trial by traveling from any such place within the state where the trial is held").

Coincidentally, to show how convenient the Southern District of California courthouse is to NetworkFleet, it submitted an almost identical Google Map to the map Xirgo submitted in its motion. See Ex. A,[1] p. 24.

The court denied NetworkFleet's motion solely because severance was improper. It did not discuss the convenience issues related to venue transfer. See Ex. B.

*Innovative Global* and this case do involve different patents, and different attorneys represented NetworkFleet there than represent it here. This case also has another plaintiff, HTI IP, an Atlanta-based sister corporation to NetworkFleet. However, HTI IP is not an operating company; it merely holds intellectual property. Nevertheless, the Southern District of California did not suddenly become less convenient after NetworkFleet filed its *Innovative Global* motion in July 2009. If all the documents were in San Diego in July but in December, NetworkFleet moved them to Atlanta, moving them back to San Diego imposes no burden.

*Innovative Global* and this case involve telematics technology in which a vehicle-mounted device transmits data such as GPS position, emissions, maintenance, top speed and other measured data to a remote computer to monitor vehicles. Mr. Borrego refers to NetworkFleet's 3500 series, which is its version of the patented product. As its website states, "The 3500 has patents around how it interfaces with the engine computer of a vehicle to provide diagnostic information remotely." Ex. C. Thus, the same "vast majority

---

[1] Incorrectly cited as Ex. 1, when this brief was attached to the motion to file the brief.

of the identified witnesses, evidence and events leading to this case" that only were in San Diego in *Innovative Global* remain in San Diego in this case.

NetworkFleet tried to persuade this court in *Innovative Global* that the Southern District of California was a clearly more convenient venue to try a patent suit on telematics technology involving NetworkFleet because NetworkFleet developed the technology there, its witnesses are there and third-party designers and engineers working on NetworkFleet's products are in California. Its arguments were correct there, and the same positions compel the grant of Xirgo's motion to transfer here. Its inconsistent position in this case should carry no weight.

January 25, 2010

Michael E. Jones, State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner, State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX 75702
Phone: (903) 597-8311 • Fax: (903) 593-0846

/s/ *Michael D. Harris*
Michael D. Harris, Cal. Bar No. 59,470
MHarris@socalip.com
Steven C. Sereboff, Cal. Bar No. 156,731
SSereboff@socalip.com
Kala Sarvaiya, Cal. Bar No. 238,453
KSarvaiya@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for defendant and counterclaimant Xirgo Technologies, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2010, I electronically filed the foregoing document "Xirgo Technologies, LLC's Supplemental Brief Supporting its Motion to Transfer the Action under 28 U.S.C. § 1404(A)" using the Case Management/Electronic Case Filing (CM/ECF) system per Local Rule CV-5(a)(3), which will send a Notice of Electronic Filing of the document to the CM/ECF participants.

January 25, 2010

/s/ *Michael Harris*
Michael D. Harris