# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HTI IP, LLC and NETWORKFLEET, INC., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| vs. ) | |
| ) | |
| PROCON, INC., et al., ) | |
| ) | |
| *Defendants.* ) | Civil Action No. 6:09-CV-370 LED |
| ) | Jury Trial Demanded |
| PROCON, INC., ) | |
| ) | |
| *Counterclaimant,* ) | |
| ) | |
| vs. ) | |
| ) | |
| HTI IP, LLC and NETWORKFLEET, INC., ) | |
| ) | |
| *Counterclaim Defendants.* ) | |

## ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANT PROCON, INC.

PROCON, Inc. (hereinafter "PROCON"), by and through its counsel, in answer to the Amended Complaint brought by HTI IP, LLC and NetworkFleet, Inc. (collectively "HTI"), alleges, avers, and states as follows:

## ANSWER

1. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and, on that basis, denies those allegations.

2. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and, on that basis, denies those allegations.

3. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and, on that basis, denies those allegations.

4. Admitted.

5. Admitted.

6. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint and, on that basis, denies those allegations.

7. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint and, on that basis, denies those allegations.

8. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint and, on that basis, denies those allegations.

9. Admitted.

10. Admitted.

11. As to PROCON, denied.

12. As to PROCON, denied.

13. Denied.

14. PROCON admits that on July 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,594,579 ("the '579 patent") entitled *"Internet-Based Method for Determining a Vehicle's Fuel Efficiency"* to Larkin Hill Lowrey, Bruce Lightner, Matthew J. Banet, Diego Borrego, Chuck Myers and James Cowart. PROCON admits that a copy of the '579 Patent is attached as Exhibit A to the Amended Complaint. PROCON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Amended Complaint and, on that basis, denies those allegations.

15. PROCON admits that on August 5, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,604,033 ("the '033 patent") entitled *"Wireless Diagnostic System for Characterizing a Vehicle's Exhaust Emissions"* to Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. PROCON admits that a copy of the '033 Patent is attached as Exhibit B to the Amended Complaint. PROCON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Amended Complaint and, on that basis, denies those allegations.

16. PROCON admits that on October 21, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,636,790 ("the '790 patent") entitled *"Wireless Diagnostic System and Method for Monitoring Vehicles"* to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. PROCON admits that a copy of the '790 Patent is attached as Exhibit C to the Amended Complaint. PROCON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Amended Complaint and, on that basis, denies those allegations.

17. PROCON admits that on May 4, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,732,031 ("the '031 patent") entitled *"Wireless Diagnostic System*

*for Vehicles"* to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. PROCON admits that a copy of the '031 Patent is attached as Exhibit D to the Amended Complaint. PROCON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Amended Complaint and, on that basis, denies those allegations.

18. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint and, on that basis, denies those allegations.

19. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint and, on that basis, denies those allegations.

20. Denied.

21. To the extent that the allegations of paragraph 21 of the Amended Complaint invoke claim language the meaning of which may be in dispute, PROCON denies those allegations.

22. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint and, on that basis, denies those allegations.

23. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint and, on that basis, denies those allegations.

24. PROCON repeats and incorporates by reference each admission, denial, and allegation contained in the above paragraphs 1-23.

25. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint and, on that basis, denies those allegations.

26. Denied.

27. Denied.

28. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint and, on that basis, denies those allegations.

29. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint and, on that basis, denies those allegations.

30. As to PROCON, denied.

31. As to PROCON, denied.

32. PROCON repeats and incorporates by reference each admission, denial, and allegation contained in the above paragraphs 1-31.

33. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint and, on that basis, denies those allegations.

34. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint and, on that basis, denies those allegations.

35. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and, on that basis, denies those allegations.

36. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint and, on that basis, denies those allegations.

37. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint and, on that basis, denies those allegations.

38. PROCON repeats and incorporates by reference each admission, denial, and allegation contained in the above paragraphs 1-39.

39. Denied.

40. Denied.

41. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint and, on that basis, denies those allegations.

42. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint and, on that basis, denies those allegations.

43. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint and, on that basis, denies those allegations.

44. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint and, on that basis, denies those allegations.

45. As to PROCON, denied.

46. As to PROCON, denied.

47. PROCON repeats and incorporates by reference each admission, denial, and allegation contained in the above paragraphs 1-46.

48. Denied.

49. Denied.

50. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint and, on that basis, denies those allegations.

51. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint and, on that basis, denies those allegations.

52. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint and, on that basis, denies those allegations.

53. PROCON is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint and, on that basis, denies those allegations.

54. As to PROCON, denied.

55. As to PROCON, denied.

56. PROCON denies that HTI is entitled to the relief requested in paragraphs (a) – (f) of the Amended Complaint or any other relief.

## DEFENSES

PROCON asserts the following affirmative and other defenses to HTI's Amended Complaint, but admits no burden of proof or persuasion with respect to these defenses.

### FIRST DEFENSE – NONINFRINGEMENT OF THE '579 PATENT

57. PROCON does not infringe any valid and enforceable claim of the '579 patent.

58. PROCON is not actively inducing infringement of any valid and enforceable claim of the '579 patent.

### SECOND DEFENSE – INVALIDITY OF THE '579 PATENT

59. PROCON alleges that the claims of the '579 patent are invalid and void for failure to comply with the provisions and requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103 and/or 112 thereof.

### THIRD DEFENSE – NONINFRINGEMENT OF THE '790 PATENT

60. PROCON does not infringe any valid and enforceable claim of the '790 patent.

61. PROCON is not actively inducing infringement of any valid and enforceable claim of the '790 patent.

### FOURTH DEFENSE – INVALIDITY OF THE '790 PATENT

62. PROCON alleges that the claims of the '790 patent are invalid and void for failure to comply with the provisions and requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103 and/or 112 thereof.

### FIFTH DEFENSE – NONINFRINGEMENT OF THE '031 PATENT

63. PROCON does not infringe any valid and enforceable claim of the '031 patent.

64. PROCON is not actively inducing infringement of any valid and enforceable claim of the '031 patent.

### SIXTH DEFENSE – INVALIDITY OF THE '031 PATENT

65. PROCON alleges that the claims of the '031 patent are invalid and void for failure to comply with the provisions and requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103 and/or 112 thereof.

### SEVENTH DEFENSE - LACK OF STANDING

66. Upon information and belief, PROCON alleges that HTI does not have standing to sue for infringement of the '579 patent, the '790 patent, and the '031 patent.

### EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

67. Plaintiffs' reliance on the doctrine of equivalents is precluded based on prosecution history estoppel.

### NINTH DEFENSE – ESTOPPEL

68. Plaintiffs' claims and requested relief are barred, in whole or in part, by equitable doctrines of estoppel.

### TENTH DEFENSE – LACHES

69. Plaintiffs are guilty of laches.

### AMENDED COUNTERCLAIMS

Counterclaimant PROCON, by and through its counsel, for its amended counterclaims against plaintiffs, alleges, avers, and states as follows:

70. PROCON is a Tennessee corporation having its principal place of business at 2035 Lakeside Centre Way, Suite 125, Knoxville, Tennessee, 37922.

71. On information and belief, counterclaim-defendant HTI IP, LLC is a limited liability company organized under the laws of the State of Delaware having its principal place of business in Atlanta, Georgia.

72. On information and belief, counterclaim-defendant NetworkFleet, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in San Diego, California.

73. This court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201, and under the doctrine of supplemental jurisdiction. Counterclaim-defendants HTI IP, LLC and NetworkFleet, Inc. have submitted to the jurisdiction of this Court by filing the present suit.

## COUNT I - DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '579 PATENT

74. PROCON incorporates each admission, denial, and allegation contained in above paragraphs 1-73, as though fully set forth herein.

75. The Counterclaim is for a declaratory judgment that the claims of the '579 patent are invalid, void, and not infringed by any act of PROCON.

76. HTI IP, LLC claims to be the owner of the '579 patent and NetworkFleet, Inc. is alleged to be a licensee under the '579 patent and both have brought suit against PROCON for alleged infringement of the claims of the '579 patent.

77. An actual case or controversy exists between PROCON and the counterclaim-defendants based upon the counterclaim-defendants having filed a Complaint against PROCON for alleged infringement of the '579 patent. PROCON has suffered, is suffering, and will continue to suffer irreparable harm and damage due to the filing of the Complaint in the present

case asserting a patent that is invalid, void, and/or not infringed. Unless the counterclaim-defendants are enjoined from continuing their wrongful acts as alleged herein, the harm and damage to PROCON will continue and will increase.

78. PROCON has no adequate remedy at law.

## COUNT II - DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '790 PATENT

79. PROCON incorporates each admission, denial, and allegation contained in above paragraphs 1-78, as though fully set forth herein.

80. The Counterclaim is for a declaratory judgment that the claims of the '790 patent are invalid, void, and not infringed by any act of PROCON.

81. HTI IP, LLC claims to be the owner of the '790 patent and NetworkFleet, Inc. is alleged to be a licensee under the '790 patent and both have brought suit against PROCON for alleged infringement of the claims of the '790 patent.

82. An actual case or controversy exists between PROCON and the counterclaim-defendants based upon the counterclaim-defendants having filed a Complaint against PROCON for alleged infringement of the '790 patent. PROCON has suffered, is suffering, and will continue to suffer irreparable harm and damage due to the filing of the Complaint in the present case asserting a patent that is invalid, void, and/or not infringed. Unless the counterclaim-defendants are enjoined from continuing their wrongful acts as alleged herein, the harm and damage to PROCON will continue and will increase.

83. PROCON has no adequate remedy at law.

# COUNT III - DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY OF THE '031 PATENT

84. PROCON incorporates each admission, denial, and allegation contained in above paragraphs 1-83, as though fully set forth herein.

85. The Counterclaim is for a declaratory judgment that the claims of the '031 patent are invalid, void, and not infringed by any act of PROCON.

86. HTI IP, LLC claims to be the owner of the '031 patent and NetworkFleet, Inc. is alleged to be a licensee under the '031 patent and both have brought suit against PROCON for alleged infringement of the claims of the '031 patent.

87. An actual case or controversy exists between PROCON and the counterclaim-defendants based upon the counterclaim-defendants having filed a Complaint against PROCON for alleged infringement of the '031 patent. PROCON has suffered, is suffering, and will continue to suffer irreparable harm and damage due to the filing of the Complaint in the present case asserting a patent that is invalid, void, and/or not infringed. Unless the counterclaim-defendants are enjoined from continuing their wrongful acts as alleged herein, the harm and damage to PROCON will continue and will increase.

88. PROCON has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, PROCON prays that:

1. HTI's Amended Complaint be dismissed in its entirety and with prejudice, with HTI taking nothing;

2. This Court render a judicial determination of the rights and liabilities of the parties and enter a decree to the effect that:

a. PROCON has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim of the '579 patent;

b. The claims of the '579 patent are invalid and void;

c. PROCON has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim of the '790 patent;

d. The claims of the '790 patent are invalid and void;

e. PROCON has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim of the '031 patent;

f. The claims of the '031 patent are invalid and void;

g. PROCON has not infringed and is not infringing any other patent which may be owned by HTI IP, LLC;

h. This case is exceptional under 35 U.S.C § 285; and

i. PROCON be awarded its costs and reasonable attorney's fees pursuant to § 285.

3. This Court issue an injunction preliminarily and permanently restraining and enjoining HTI IP, LLC and NetworkFleet, Inc., their agents, servants, employees, attorneys, assigns and successors in interest, and those persons acting in concert or participation with HTI IP, LLC or NetworkFleet, Inc., who receive actual notice of the order by personal service or otherwise, from asserting outside of these proceedings that PROCON or any of customers of PROCON have infringed or are currently infringing the patents asserted in the Amended Complaint or have committed or are committing any acts in violation of any rights of HTI IP, LLC or NetworkFleet, Inc. with respect to the patents asserted in the Amended Complaint.

4. The Court require HTI IP, LLC and NetworkFleet, Inc. to pay to PROCON an amount of damages to be determined at trial, together with costs of this action, and reasonable attorneys' fees and expenses, resulting from the pursuit of this case against PROCON.

5. The Court award PROCON punitive and/or exemplary damages.

6. The Court award PROCON such other relief as the Court deems just and proper.

## JURY DEMAND

PROCON hereby demands a jury trial.

Respectfully submitted,

Dated: January 26, 2010     By:     */s/ Mark P. Crockett*

Mark P. Crockett, BPR #019352
Geoffrey D. Kressin, BPR #000658
**LUEDEKA NEELY & GRAHAM P.C.**
P.O. Box 1871
1871 Riverview Tower
Knoxville, TN 37901
Phone: (865) 546-4305
Fax: (865) 523-4478
mcrockett@lng-patent.com
gkressin@lng-patent.com

Andrew W. Stinson
State Bar No. 24028013
**RAMEY & FLOCK, P.C.**
100 East Ferguson, Suite 500
Tyler, Texas 75702
Phone: (903) 597-3301
Fax: (903) 597-2413
astinson@rameyflock.com

**Attorneys for PROCON Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 26th day of January, 2010.

/s/ *Mark P. Crockett*
Mark P. Crockett