IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. | § § § | |
| *Plaintiffs* | § § | |
| vs. | § § | CIVIL ACTION NO: 6:09-cv-370 |
| PROCON, INC., WEBTECH WIRELESS, INC., WEBTECH WIRELESS USA LTD. and XIRGO TECHNOLOGIES, LLC | § § § § § | JURY TRIAL DEMANDED |
| *Defendants* | § § | |
| And Related Counterclaims | § § § | |

### HTI IP, LLC AND NETWORKFLEET, INC.'S RESPONSE TO XIRGO TECHNOLOGIES, LLC'S SUPPLEMENTAL BRIEF SUPPORTING ITS MOTION TO TRANSFER THE ACTION UNDER 28 U.S.C. § 1404(A)

Xirgo Technologies, LLC's ("Xirgo") Supplemental Brief Supporting Its Motion to Transfer ("Xirgo's Supplemental Brief") demonstrates a misunderstanding of Plaintiffs HTI IP, LLC and NetworkFleet, Inc.'s position regarding the proper venue for this case. As an initial matter, Xirgo's Supplemental Brief deemphasizes the fact that NetworkFleet, Inc.'s ("NetworkFleet") motion to transfer in the *Innovative Global* case was denied; using that motion to deprive NetworkFleet of its choice of forum in this action would be unjust.[1] More importantly, it ignores the simple fact that Plaintiff HTI IP, LLC ("HTI"), which is located in Atlanta, GA, owns the patents-in-suit in this action

---
[1] The *Innovative Global* motion to transfer was filed and decided before Xirgo filed its motion to transfer and accordingly could have been addressed in that motion. Notwithstanding, to avoid needless and wasteful disputes, Plaintiffs agreed to allow Xirgo to file its supplemental brief.

and was not a party to the *Innovative Global Systems, LLC v. Turnpike Global Technologies LLC* litigation. Xirgo's Supplemental Brief also ignores the fact that one of the inventors of the patents-in-suit lives in Houston, Texas and was not identified as a witness in the *Innovative Global* case. Accordingly, the *Innovative Global* motion to transfer is not inconsistent with Plaintiffs' position regarding Xirgo's motion to transfer.

I. EVIDENCE IN HTI'S POSSESSION IS LOCATED IN ATLANTA, NOT SAN DIEGO.

Xirgo's Supplemental Brief falsely assumes that an identical set of facts applies in the instant case and the *Innovative Global* case. However, the 35 U.S.C. § 1404(a) analysis requires "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009). There can be no dispute that NetworkFleet did not assert any of its patents in the *Innovative Global* case. (Supp. Decl. of Bhaskar Kakarla ("Supp. Kakarla Decl."). Ex. 1) There further is no dispute that Plaintiff HTI owns the patents-in-suit in this case, is located in Atlanta, Georgia, and was not a party to the *Innovative Global* case. (Supp. Kakarla Decl., Ex. 2) Accordingly, evidence related to the patents-in-suit properly was not accounted for in NetworkFleet's motion to transfer.

Those facts affect the location of evidence in this case, demonstrating why NetworkFleet believed that the Eastern District of Texas was inconvenient in the *Innovative Global* case but, together with HTI, believed convenient for purposes of this litigation. Yet, Xirgo accuses Plaintiffs of moving documents to Atlanta and lying about the location of witnesses for purposes of this case. Neither is true. In support of their opposition to Xirgo's motion to transfer, Plaintiffs offered a declaration from Joshua Haims stating that the prosecution files related to the patents-in-suit are located in

2

Atlanta. (Decl. of Joshua Haims in Supp. of HTI IP, LLC and NetworkFleet, Inc.'s Opp'n to Def. Xirgo's Mot. to Transfer ("Haims Decl.") ¶ 6.) Haims further stated that an employee of HTI, Eric Berkobin, was responsible for HTI's intellectual property program and strategy and that Berkobin works in Atlanta. (Haims Decl. ¶ 5.) The patent prosecution files and Mr. Berkobin are not relevant to the *Innovative Global* case and accordingly were not addressed in NetworkFleet's motion to transfer.

II.     THE LOCATION OF THE INVENTORS IS RELEVANT HERE BUT NOT IN THE *INNOVATIVE GLOBAL* LITIGATION

Similarly, Xirgo makes unsupported statements regarding the location of witnesses in this case when the unrefuted evidence shows that not all of the inventors live in the Southern District of California. Of course, Plaintiffs cannot and never did dispute that some of the inventors remain in the Southern District of California. However, at least two inventors have moved from the Southern District of California to other locations, including Texas. In particular, there are six inventors listed on the patents-in-suit in this case: (1) Larkin Lowrey; (2) Bruce Lightner; (3) Matthew Banet; (4) Diego Borrego; (5) Chuck Myers; and (6) James Cowart.[2] (Amended Compl. [D.I. 76], Exs. A–D.) Cowart is listed as a Massachusetts resident on the patents-in-suit and accordingly is not subject to subpoena in the Eastern District of Texas or in the Southern District of California. (Amended Compl, Ex. A.) Although the patents-in-suit identify Lowrey and Banet as San Diego, CA residents, Lowrey now lives in Houston, TX, and Banet lives in Hawaii. (Haims Decl. ¶ 4.) Accordingly, there are individuals who would be subject to subpoena in the Eastern District of Texas but not in the Southern District of California.

---

[2] Of the six inventors, only Borrego remains a full time employee of NetworkFleet.

Xirgo claims that Borrego's statements in the *Innovative Global* case contradict these plain facts. In the *Innovative Global* motion to transfer, however, NetworkFleet specifically identified the eight party and non-party witnesses it believed to be potentially relevant to that case. (Xirgo's Supp. Br., Ex. A at 3–4.) The only inventors of the patents-in-suit that were listed were Borrego and Lightner. (*Id.*) Indeed, Lowrey, the Houston, Texas resident, was not identified as a witness in the *Innovative Global* case. (*Id.*) Accordingly, the filings in the two cases are entirely consistent with respect to the locations of relevant witnesses.

III. CONCLUSION

Xirgo's alleged "new" evidence from the *Innovative Global* case does not contradict the statements made in Plaintiffs HTI IP and NetworkFleet's previous filings related to Xirgo's motion to transfer. Accordingly, Xirgo's motion to transfer should be denied for the reasons stated in Plaintiffs' opposition and surreply.

Dated: January 29, 2010

Respectfully submitted,

**McKOOL SMITH**

By: <u>*/s/ Sam F. Baxter*</u>
    Sam F. Baxter, Lead Attorney
    Texas State Bar No. 01938000
    sbaxter@mckoolsmith.com
    MCKOOL SMITH, P.C.
    104 E. Houston St., Ste. 300
    P.O. Box O
    Marshall, Texas 75670
    Telephone: (903) 923-9000
    Fax: (903) 923-9099

    Robert M. Manley
    Texas State Bar No. 00787955
    rmanley@mckoolsmith.com
    Martin C. Robson, III
    Texas State Bar No. 24004892
    mrobson@mckoolsmith.com
    McKOOL SMITH, P.C.
    300 Crescent Court, suite 1500
    Dallas, Texas 75201
    Telephone: (214) 978-4000
    Fax: (214) 978-4044

    Robert M. Masters
    robmasters@paulhastings.com
    Bhaskar Kakarla
    bhaskarkakarla@paulhastings.com
    PAUL, HASTINGS, JANOFSKY &
    WALKER LLP
    875 15th Street, N.W.,
    Washington, D.C. 20005
    Telephone: (202) 551-1700
    Facsimile: (202) 551-0238

    Elizabeth L. Brann
    elizabethbrann@paulhastings.com
    PAUL, HASTINGS, JANOFSKY &
    WALKER LLP
    4747 Executive Drive
    12th Floor
    San Diego, California 92121
    Telephone: (858) 458-3000
    Facsimile: (858) 458-3005

*Attorneys for Plaintiff HTI IP, LLC and NetworkFleet, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2010, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service.

*/s/ Martin C. Robson*
Martin C. Robson