# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>TURNPIKE GLOBAL TECHNOLOGIES L.L.C., GADEC GLOBAL, INC., XATA CORPORATION, GENERAL ELECTRIC COMPANY, TRIMBLE NAVIGATION, Ltd. and NETWORKFLEET, INC.,<br><br>Defendants. | Civil Action File No. 6:2009cv00157<br>JURY TRIAL REQUESTED<br><br>JUDGE DAVIS |

## DEFENDANT NETWORKFLEET INC.'S ANSWER, COMPULSORY COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

### ANSWER

In answer to Innovative Global Corporation's Complaint dated April 7, 2009 ("the Complaint"), Defendant, NetworkFleet, Inc. ("NetworkFleet"), states as follows:

### Parties, Jurisdiction, and Venue

1. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.  NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.  NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.  NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.  Admitted.

8.  Admitted.

9.  NetworkFleet denies each and every allegation of Paragraph 9 of the Complaint insofar as the allegations relate to NetworkFleet. However, NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 that relate to defendants other than NetworkFleet.

## Statement of Facts

10. In response to Paragraph 10 of the Complaint, NetworkFleet admits that on its face U.S. Patent No. 6,608,554 (the '554 patent) is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal." NetworkFleet further admits that the issue date for the '554 patent is August 19, 2003 and that a copy of the '554 patent is attached to the Complaint as Exhibit "A." Except as expressly admitted, NetworkFleet denies the allegations of Paragraph 10 of the Complaint. More specifically, the '554 patent is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited

to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, NetworkFleet does not infringe any valid, enforceable claim of the '554 patent.

11. In response to Paragraph 11 of the Complaint, NetworkFleet admits that on its face U.S. Patent No. 6,411,203 (the '203 patent) is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal." NetworkFleet further admits that the issue date for the '203 patent is June 25, 2002 and that a copy of the '203 patent is attached to the Complaint as Exhibit "B." Except as expressly admitted, NetworkFleet denies the allegations of Paragraph 11 of the Complaint. More specifically, the '203 patent is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, NetworkFleet does not infringe any valid, enforceable claim of the '203 patent.

12. In response to Paragraph 12 of the Complaint, NetworkFleet admits that on its face U.S. Patent No. 6,744,352 (the '352 patent) is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." NetworkFleet further admits that the issue date for the '352 patent is June 1, 2004 and that a copy of the '352 patent is attached to the Complaint as Exhibit "C." Except as expressly admitted, NetworkFleet denies the allegations of Paragraph 12 of the Complaint. More specifically, the '352 patent is invalid because it fails to satisfy the requirements of

Part II of Title 35 of the United States Code, including but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, NetworkFleet does not infringe any valid, enforceable claim of the '352 patent.

13. In response to Paragraph 13 of the Complaint, NetworkFleet admits that on its face U.S. Patent No. 7,015,800 (the '800 patent) is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." NetworkFleet further admits that the issue date for the '800 patent is March 21, 2006 and that a copy of the '800 patent is attached to the Complaint as Exhibit "D." Except as expressly admitted, NetworkFleet denies the allegations of Paragraph 13 of the Complaint. More specifically, the '800 patent is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, NetworkFleet does not infringe any valid, enforceable claim of the '800 patent.

14. In response to Paragraph 14 of the Complaint, NetworkFleet admits that on its face U.S. Patent No. 7,449,993 (the '993 patent) is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." NetworkFleet further admits that the issue date for the '993 patent is November 11, 2008 and that a copy of the '993 patent is attached to the Complaint as Exhibit "E." Except as expressly

955362v1/011445

admitted, NetworkFleet denies the allegations of Paragraph 14 of the Complaint. More specifically, the '993 patent is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, NetworkFleet does not infringe any valid, enforceable claim of the '993 patent.

15. Admitted.

16. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. NetworkFleet denies each and every allegation of Paragraph 18 of the Complaint insofar as the allegations relate to NetworkFleet. However, NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 that relate to defendants other than NetworkFleet.

19. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. NetworkFleet denies each and every allegation of Paragraph 24 of the Complaint.

25. NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. NetworkFleet denies each and every allegation of Paragraph 26 of the Complaint insofar as the allegations relate to NetworkFleet. However, NetworkFleet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 that relate to defendants other than NetworkFleet.

## COMPULSORY COUNTERCLAIMS

NetworkFleet files these Compulsory Counterclaims against Innovative Global as a matter of right. U.S. Patent Nos. 6,608,554 (the '554 patent), 6,411,203 (the '203 patent), 6,744,352 (the '352 patent), 7,015,800 (the '800 patent), and 7,449,993 (the '993 patent) are collectively referred to as "the Asserted Patents." For its Compulsory Counterclaims, NetworkFleet alleges:

### The Parties

1. NetworkFleet is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6363 Greenwich Drive, Suite 200 in San Diego, California.

2. Innovative Global is a limited liability company organized under the laws of the State of South Carolina, having its principal place of business at 330 E Main Street, in Rock Hill, South Carolina.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over these compulsory counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the compulsory counterclaims arise under the patent statutes of the United States.

4. By filing its Complaint, Innovative Global Corporation has consented to this Court's exercise of personal jurisdiction with respect to these compulsory counterclaims.

5. By filing its Complaint, Innovative Global Corporation has conceded that this is a proper venue for compulsory counterclaims asserted against it. However, NetworkFleet does not concede that this is the proper venue for claims against it and asserts its intention to seek transfer under 28 U.S.C. § 1404.

### Count One:
### Counterclaim for a Declaration of Non-infringement of the Asserted Patents

6. NetworkFleet re-alleges its allegations as set forth in Paragraphs 1-5.

7. Based on Innovative Global's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether NetworkFleet infringes any claims of the Asserted Patents.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetworkFleet requests a declaration from the Court that NetworkFleet does not infringe any claim of the Asserted Patents, either directly or indirectly.

## Count Two:
## Counterclaim for a Declaration the Asserted Patents are Invalid

9. NetworkFleet re-alleges its allegations as set forth in Paragraphs 1-8.

10. Based on Innovative Global's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the Asserted Patents.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetworkFleet requests a declaration from the Court that the claims of the Asserted Patents are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

## Count Three:
## Counterclaim for Declaratory Judgment of Non-infringement of U.S. Patent No. 6,111,524

12. NetworkFleet re-alleges its allegations as set forth in Paragraphs 1-11.

13. Upon information and belief, Innovative Global is the current assignee and owner of U.S. Patent No. 6,111,524 ("the '524 patent"), a copy of which is attached hereto as Exhibit A.

14. An actual controversy between the parties has arisen and now exists as to whether NetworkFleet infringes any claims of the '524 patent because Innovative Global filed the Complaint alleging infringement of the Asserted Patents, because all of the Asserted Patents issued from continuation or continuation-in-part applications claiming priority to the '524 patent, and because the claims of the '524 patent recite elements similar to those recited in the claims of the Asserted Patents. By filing a Complaint asserting infringement of the Asserted Patents, Innovative Global has

established the existence of a definite and concrete dispute regarding all patents related to the Asserted Patents that is real and substantial.

15. All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetworkFleet requests a declaration from the Court that NetworkFleet does not infringe any claim of U.S. Patent No. 6,111,524, either directly or indirectly.

### Count Four: Counterclaim for Declaratory Judgment of Invalidity of U.S. Patent No. 6,111,524

17. NetworkFleet re-alleges its allegations as set forth in Paragraphs 1-16.

18. An actual controversy between the parties has arisen and now exists as to the invalidity of the claims of the '524 patent because Innovative Global filed the Complaint alleging infringement of the Asserted Patents, because all of the Asserted Patents issued from continuation or continuation-in-part applications claiming priority to the '524 patent, and because the claims of the '524 patent recite elements similar to those recited in the claims of the Asserted Patents. By filing a Complaint asserting infringement of the Asserted Patents, Innovative Global has established the existence of a definite and concrete dispute regarding all patents related to the Asserted Patents that is real and substantial.

19. All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

955362v1/011445

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetworkFleet requests a declaration from the Court that the claims of U.S. Patent No. 6,111,524 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

**Count Five:**
**Counterclaim for Declaratory Judgment of Non-infringement**
**of U.S. Patent No. 6,064,299**

21. NetworkFleet re-alleges its allegations as set forth in Paragraphs 1-20.

22. Upon information and belief, Innovative Global is the current assignee and owner of U.S. Patent No. 6,064,299 ("the '299 patent"), a copy of which is attached hereto as Exhibit B.

23. An actual controversy between the parties has arisen and now exists as to whether NetworkFleet infringes any claims of the '299 patent because Innovative Global filed the Complaint alleging infringement of the Asserted Patents, because all of the Asserted Patents issued from continuation or continuation-in-part applications claiming priority to the '524 patent, because the '299 patent likewise issued from a continuation-in-part application claiming priority to the '524 patent, and because the claims of the '299 patent recite elements similar to those recited in the claims of the Asserted Patents. By filing a Complaint asserting infringement of the Asserted Patents, Innovative Global has established the existence of a definite and concrete dispute regarding all patents related to the Asserted Patents that is real and substantial.

955362v1/011445

24. All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetworkFleet requests a declaration from the Court that NetworkFleet does not infringe any claim of U.S. Patent No. 6,064,299, either directly or indirectly.

### Count Six:
### Counterclaim for Declaratory Judgment of Invalidity of U.S. Patent No. 6,064,299

26. NetworkFleet re-alleges its allegations as set forth in Paragraphs 1-25.

27. An actual controversy between the parties has arisen and now exists as to the invalidity of the claims of the '299 patent because Innovative Global filed the Complaint alleging infringement of the Asserted Patents, because all of the Asserted Patents issued from continuation or continuation-in-part applications claiming priority to the '524 patent, because the '299 patent likewise issued from a continuation-in-part application claiming priority to the '524 patent, and because the claims of the '299 patent recite elements similar to those recited in the claims of the Asserted Patents. By filing a Complaint asserting infringement of the Asserted Patents, Innovative Global has established the existence of a definite and concrete dispute regarding all patents related to the Asserted Patents that is real and substantial.

28. All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetworkFleet requests a declaration from the Court that the claims of U.S. Patent No. 6,064,299 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

## AFFIRMATIVE DEFENSES

### First Defense

The Tyler Division of the Eastern District of Texas is the improper venue for claims asserted against NetworkFleet.

### Second Defense

The Court lacks personal jurisdiction over NetworkFleet.

### Third Defense

The Asserted Patents are invalid because they fail to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Defense

NetworkFleet does not infringe any valid, enforceable claim of any of the Asserted Patents. In addition, NetworkFleet has not directly infringed, contributed to infringement, or induced infringement of any valid, enforceable claim of the Asserted Patents, nor is NetworkFleet directly infringing, contributing to infringement or inducing infringement of any valid, enforceable claim of the Asserted Patents.

### Fifth Defense

NetworkFleet is informed and believes, and on that basis alleges that, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in one or more of the Asserted Patents, and by reason of the admissions and representations therein made by or on behalf of the applicant for one or more of the Asserted Patents, Innovative Global is estopped from construing the claims of one or more of the Asserted Patents (even if this were otherwise possible) to cover and include any acts of NetworkFleet.

### Sixth Defense

Innovative Global's claims are barred by the doctrine of laches and/or estoppel.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NetworkFleet demands a trial by jury of this action, including the Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, NetworkFleet prays for a judgment that:

A. Dismisses the Complaint with prejudice, with Innovative Global taking nothing;

B. Declares that Innovative Global Corporation is not entitled to injunctive relief;

C. Declares that NetworkFleet has not directly or indirectly infringed U.S. Patent Nos. 6,111,542; 6,064,299; 6,411,203; 6,608,554; 6,744,352; 7,015,800; and 7,449,993;

D. Declares that U.S. Patent Nos. 6,111,542; 6,064,299; 6,411,203; 6,608,554; 6,744,352; 7,015,800; and 7,449,993 are invalid;

E. Determines this to be an exceptional case under 35 U.S.C. § 285 and awards to NetworkFleet its reasonable attorneys' fees and costs of suit incurred in this action; and

F. Grants to NetworkFleet such other and further relief as the Court may deem just and proper.

Dated this 25th day of June, 2009.

Respectfully submitted,

/s/Ophelia F. Camiña
Ophelia F. Camiña
Texas Bar No. 03681500
Susman Godfrey
901 Main Street
Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
E-Mail: ocamina@susmangodfrey.com

OF COUNSEL:
(*Applications for Special Admission pending*)
Lawrence K. Nodine (Trial Counsel)
Georgia Bar No. 545250
nodinel@ballardspahr.com
Robin L. Gentry
Georgia Bar No. 289889
gentryr@ballardspahr.com
Charley F. Brown
Georgia Bar No. 086754
browncf@ballardspahr.com
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone 678-420-9300
Fax 678-420-9301

ATTORNEYS FOR DEFENDANT,
NETWORKFLEET CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 25th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the Plaintiff:

| | |
|---|---|
| Michael T. Cooke<br>State Bar No. 04759650<br>Jonathan T. Suder<br>State Bar No. 19463350<br>FRIEDMAN, SUDER & COOKE<br>Tindall Square Warehouse No. 1<br>604 East 4th Street, Suite 200<br>Fort Worth, Texas 76102<br>(817) 334-0400<br>Fax (817) 334-0401<br>jts@fsclaw.com<br>mtc@fsclaw.com | Keith A. Rutherford<br>R. Scott Reese<br>Sarah R. Cabello<br>WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI, LLP<br>20333 SH 249, Suite 600<br>Houston, TX 77070<br>(832) 446-2400<br>Fax (832) 446-2424<br>krutherford@counselip.com<br>sreese@counselip.com<br>scabello@counselip.com |
| Eric M. Albritton<br>ERIC M. ALBRITTON, P.C.<br>P.O. Box 2649<br>111 West Tyler Street<br>Longview, TX 75601<br>(903) 757-8449 x204<br>Fax (903) 758-7397<br>ema@emafirm.com | |

/s/Ophelia F. Camina
Ophelia F. Camina