# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS – TYLER DIVISION

| | |
|---|---|
| HTI IP, LLC et al.,<br>    *Plaintiffs,*<br>        vs.<br>DriveOK, Inc., et al.,<br>    *Defendants.* | Civil Action No: 6:09-cv-370 LED<br>Jury |
| Xirgo Technologies, LLC,<br>    *Counterclaimant*,<br>        vs.<br>HTI IP, LLC and NetworkFleet, Inc.,<br>    *Counter-defendants*. | |

**DEFENDANT XIRGO TECHNOLOGIES, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant/counterclaimant Xirgo Technologies, LLC ("Xirgo") responds to plaintiffs/counter-defendants' HTI IP, LLC and NetworkFleet Inc.'s Amended Complaint for Patent Infringement as follows:

**ANSWER**

1. Xirgo admits the allegations contained in paragraph 1 of the complaint.

2. Xirgo admits the allegations contained in paragraph 2 of the complaint.

3. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3, and, on that basis denies them.

4. Xirgo admits the allegations contained in paragraph 4 of the complaint.

5. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5, and, on that basis denies them.

6. Xirgo admits the allegations contained in paragraph 6 of the complaint.

7. Xirgo admits the allegations contained in paragraph 7 of the complaint.

8. Xirgo admits the allegations contained in paragraph 8 of the complaint.

9. Xirgo admits the allegations contained in paragraph 9 of the complaint.

10. Xirgo denies the allegations contained in paragraph 10 of the complaint.

11. Xirgo denies the allegations contained in paragraph 11 of the complaint.

12. Xirgo denies the allegations contained in paragraph 12 of the complaint.

13. Xirgo denies the allegations contained in paragraph 13 of the complaint.

14. Xirgo admits that on July 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,594,579 ("the '579 patent") entitled *Internet-Based Method for Determining a Vehicle's Fuel Efficiency"* to Larkin Hill Lowrey, Bruce Lightner, Matthew J. Banet, Diego Borrego, Chuck Myers and James Cowart. Xirgo admits that a copy of the '579 Patent is attached as Exhibit A. Xirgo lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 13, and, on that basis denies them.

15. Xirgo admits that on August 5, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,604,033 ("the '033 patent") entitled *Wireless Diagnostic System for Characterizing a Vehicle's Exhaust Emissions"* to Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. Xirgo admits that a copy of the '033 Patent is attached as Exhibit B. Xirgo lacks sufficient knowledge or

information to admit or deny the remaining allegations contained in paragraph 14, and, on that basis denies them.

16. Xirgo admits that on October 21, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,636,790 ("the '790 patent") entitled *Wireless Diagnostic System and Method for Monitoring Vehicles*" to Bruce Lightner, Diego Borrego, Chuck Myers, and Larkin Hill Lowrey. Xirgo admits that a copy of the '790 Patent is attached as Exhibit C. Xirgo lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 15, and, on that basis denies them.

17. Xirgo admits that on May 4, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,732,031 ("the '031 patent") entitled *Wireless Diagnostic System for Vehicles*" to Bruce Lightner, Diego Borrego, Chuck Myers, and Larkin Hill Lowrey. Xirgo admits that a copy of the '031 Patent is attached as Exhibit D. Xirgo lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 16, and, on that basis denies them.

18. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 18, and, on that basis denies them.

19. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19, and, on that basis denies them.

20. Xirgo denies the allegations contained in paragraph 20 of the complaint.

21. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 21, and, on that basis denies them.

22. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22, and, on that basis denies them.

23. Xirgo denies the allegations contained in paragraph 23 of the complaint.

24. Xirgo repeats and incorporates by reference its responses to paragraphs 1-23.

25. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 25, and, on that basis denies them.

26. No answer required to paragraph 26 of the complaint.

27. No answer required to paragraph 27 of the complaint.

28. No answer required to paragraph 28 of the complaint.

29. No answer required to paragraph 29 of the complaint.

30. No answer required to paragraph 30 of the complaint.

31. No answer required to paragraph 31 of the complaint.

32. Xirgo repeats and incorporates by reference its responses to paragraphs 1-31.

33. Xirgo lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 33, and, on that basis denies them.

34. No answer required to paragraph 34 of the complaint.

35. No answer required to paragraph 35 of the complaint.

36. No answer required to paragraph 36 of the complaint.

37. No answer required to paragraph 37 of the complaint.

38. Xirgo repeats and incorporates by reference its responses to paragraphs 1-37.

39. No answer required to paragraph 39 of the complaint.

40. No answer required to paragraph 40 of the complaint.

41. No answer required to paragraph 41 of the complaint.

42. No answer required to paragraph 42 of the complaint.

43. Xirgo denies the allegations contained in paragraph 43 of the complaint.

44. Xirgo denies the allegations contained in paragraph 44 of the complaint.

45. Xirgo denies the allegations contained in paragraph 45 of the complaint.

46. Xirgo denies the allegations contained in paragraph 46 of the complaint.

47. Xirgo repeats and incorporates by reference its responses to paragraphs 1-46.

48. No answer required to paragraph 48 of the complaint.

49. No answer required to paragraph 49 of the complaint.

50. No answer required to paragraph 50 of the complaint.

51. No answer required to paragraph 51 of the complaint.

52. Xirgo denies the allegations contained in paragraph 52 of the complaint.

53. Xirgo denies the allegations contained in paragraph 53 of the complaint.

54. Xirgo denies the allegations contained in paragraph 54 of the complaint.

55. Xirgo denies the allegations contained in paragraph 55 of the complaint.

56. Xirgo denies that Plaintiff is entitled to any of the relief requested in paragraphs (a)-(f) of the Complaint.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

57. Plaintiffs fail to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF '790 PATENT**

58. Xirgo does not directly infringe or induce or contribute to the infringement of the '790 patent.

**THIRD AFFIRMATIVE DEFENSE – INVALIDITY OF '790 PATENT**

59. U.S. Patent No. 6,636,790 is invalid.

**FOURTH AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF '031 PATENT**

60. Xirgo does not directly infringe or induce or contribute to the infringement of the '031 patent.

**FIFTH AFFIRMATIVE DEFENSE – INVALIDITY OF '031 PATENT**

61. U.S. Patent No. 6,732,031 is invalid.

**SIXTH AFFIRMATIVE DEFENSE – ESTOPPEL**

62. Plaintiffs claim and requested relief is barred, in whole or in part, by the equitable doctrines of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE – LACHES**

63. Plaintiffs are guilty of laches.

**EIGHTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS**

64. Plaintiffs have unclean hands.

## REQUEST FOR RELIEF

WHEREFORE, Xirgo requests that this court:

a) Dismiss the complaint.

b) Award plaintiffs nothing.

c) Hold the '790 and '031 patents invalid.

d) Hold that Xirgo does not directly infringe or induce or contribute to the infringement of either the '790 or '031 patents.

e) Award Xirgo its costs.

f) Award Xirgo any other and further relief as this court may deem appropriate.

January 29, 2010

/s/ M. Kala Sarvaiya
Kala Sarvaiya, Cal. Bar No. 238,453
KSarvaiya@socalip.com
Michael D. Harris, Cal. Bar No. 59,470
MHarris@socalip.com
Steven C. Sereboff, Cal. Bar No. 156,731
SSereboff@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Michael E. Jones, State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner, State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX 75702
Phone: (903) 597-8311 • Fax: (903) 593-0846

Attorneys for defendant and counterclaimant
Xirgo Technologies, LLC

# CERTIFICATE OF SERVICE

      I hereby certify that on January 29, 2010, I electronically filed the foregoing document "Answer of Defendant Xirgo Technologies, LLC" using the Case Management/Electronic Case Filing (CM/ECF) system per Local Rule CV-5(a)(3), which will send a Notice of Electronic Filing of the document to the CM/ECF participants. I will serve any other counsel of record who are not registered with CM/ECF by email and/or first class mail on the same date.

January 29, 2010           /s/ *M. Kala Sarvaiya*
                                            M. Kala Sarvaiya