# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. § § *Plaintiffs* § vs. § PROCON, INC., WEBTECH WIRELESS, § INC., WEBTECH WIRELESS USA LTD. and § XIRGO TECHNOLOGIES, LLC § *Defendants* § § § And Related Counterclaims § § § | CIVIL ACTION NO: 6:09-cv-370 JURY TRIAL DEMANDED |

## **PROTECTIVE ORDER**

     This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

     In support of this order, the Court finds that:

1.    Documents or information containing confidential proprietary and business information and/or trade secrets ("Protected Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.    The parties to this litigation may assert that public dissemination and disclosure of Protected Information could severely injure or damage the party disclosing or producing the Protected Information ("the Disclosing Party") and could place that party at a competitive disadvantage;

3.    Counsel for the party or parties receiving Protected Information ("the Receiving Party") are presently without sufficient information to accept the representation(s) made by the Disclosing Party as to the confidential, proprietary, and/or trade secret nature of such Protected Information; and

1

4.	To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.	Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

    A.	Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    B.	Designation as "CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY ": Any party may designate information as "CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY " only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information or if the information is computer source code ("Source Code Material").  "CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY" information may further be marked as "SUBJECT TO THE PROSECUTION BAR" if it is technical information related to products currently sold or intended to be sold by the Producing Party.

2.	Documents or discovery responses containing Protected Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the Disclosing Party as "Confidential" or "Confidential – Outside Counsels' Eyes Only" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

3.	Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

4.	At any time after the delivery of Protected Documents, counsel for the Receiving Party may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Disclosing Party.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the Receiving Party shall certify to the

2

Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the Disclosing Party shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The Disclosing Party shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the Disclosing Party does not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

5. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

6. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   A. Counsel of record in this action for the Receiving Party;

   B. Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

   C. The Court;

   D. Independent experts and consultants, provided that they have complied with the provisions of paragraph 19 below. A technical expert or consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation by or at the direction of counsel for a party; and

   E. Litigation service providers, including graphic designers and firms and document processing firms.

7. In addition to the individuals listed in paragraph 6, documents marked "Confidential" may also be disclosed to three employees of the Receiving Party, provided that the employees comply with the provisions of paragraph 20 below.

8. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

9. Any individual receiving "CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY"

3

information that has further been marked as "SUBJECT TO THE PROSECUTION BAR" shall be precluded from participating in the prosecution of patents related to accessing and transmitting vehicle diagnostic information from a vehicle diagnostic bus on behalf of the client whom they represent in this litigation until one year following resolution of this litigation. Upon production of information marked as "SUBJECT TO THE PROSECUTION BAR", the Producing Party shall provide the Receiving Party notice of such production and shall segregate documents marked "SUBJECT TO THE PROSECUTION BAR" from other documents by producing documents marked "SUBJECT TO THE PROSECUTION BAR" in a clearly marked envelope or other container (if produced physically) or in a clearly marked file or folder (if produced electronically).

10. Counsel of record for the Receiving Party may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the Receiving Party shall maintain a current log of the names and addresses of persons to whom the index was furnished

11. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

13. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14. Inadvertent or unintentional production of documents or information containing Protected Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

15. The Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

16. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected

Documents for enforcement of the provisions of this Order following termination of this litigation.

17.   Upon termination of this action by dismissal, judgment, or settlement, counsel for Receiving Party shall return the Protected Documents to the counsel for the Disclosing Party. The Receiving Party shall keep its attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

18.   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19.   In order for a Receiving Party to provide Protected Information to actual or potential independent technical experts or consultants, the Receiving Party must provide written notice to all counsel no less than five (5) business days prior to any disclosure of such Protected Information. The written notice shall contain the name, title, business address, present occupation (or job description), past and present business relationships with the party retaining them or other party to the litigation, current curriculum vitae of the person to whom the information will be disclosed, and an undertaking in the form of Exhibit A signed by that person (such original signed document to be kept by the attorney retaining such person).

   If, within five (5) business days after receipt of the notice, counsel for the Disclosing Party does not object to the disclosure, any Protected Information designated by that party may be disclosed to such person. If within five (5) business days of receipt of such a notice of intent to disclose, counsel for the Disclosing Party designating Protected Information pursuant to the February Protective Order objects to such intended disclosure, disclosure of information designated by the Disclosing Party shall not be made until such objection is resolved by agreement of the parties or by a ruling of the Court on a motion by the Disclosing Party.

   Counsel's objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing and served on all parties to this action within the five-day period. The parties shall meet and confer to attempt to resolve the dispute within five (5) business days from the date of service of the objection. If the parties cannot resolve the dispute, the Disclosing Party may move the Court for an order that access to Protected Information be denied to the designated person. Such motion shall be made within ten (10) business days of the mailing or electronic delivery of the objection. The parties shall comply with the procedures and time periods set forth in this Order, provided, however, that the Disclosing Party may make a motion in an abbreviated time period if that party has a compelling reason to do so.

   Failure to object within the five-day period shall be deemed approval, but shall not preclude a Disclosing Party from objecting to continued access to Protected Information by that person where facts suggesting a basis for objection are subsequently learned by the Disclosing Party or its counsel.

20. In order for a Receiving Party to provide Protected Information to employees of the Receiving Party, the Receiving Party shall follow the procedure set forth in paragraph 19 for independent experts and consultants, except that no curriculum vitae need be provided. Disputes over the propriety of disclosure shall be resolved according to the procedure set forth in paragraph 19.

21. Source Code Material shall be produced as follows:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 21 (h and k) below. Additionally, except as provided in paragraph 21(k) below, the stand-alone computer(s) containing Defendants' source code may only be located at the offices of Fulbright & Jaworski LLP (for so long as Fulbright & Jaworski L.L.P. is counsel in this civil action), and the stand-alone computer(s) containing Plaintiffs' source code may only be located at the San Diego offices of Paul, Hastings, Janofsky & Walker LLP and McKool Smith P.C.;

(b) The Receiving Party shall request access to the stand alone computer at least 24 hours in advance. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Source Code Material on the stand alone computer shall be limited to outside counsel and outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 19 above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document ("Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with

6

Dallas 295221v1

the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY;

(g) Except as set forth in paragraph 21(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The Receiving Party shall be permitted to make printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" and the Receiving Party shall maintain a log of all such files that are printed or photocopied;

(i) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" and shall continue to be treated as such;

(j) If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 21(e) above to another person authorized under paragraph 21(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 21 (j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

22. The Court anticipates and encourages the parties to file a motion to modify the terms hereof

with respect to shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

**So ORDERED and SIGNED this 5th day of February, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**