**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| HTI IP, LLC and NETWORKFLEET, INC. | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | CIVIL ACTION NO: 6:09-cv-370 |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| PROCON, INC., WEBTECH WIRELESS, | § | |
| INC., WEBTECH WIRELESS USA LTD. and | § | |
| XIRGO | § | |
| TECHNOLOGIES, LLC | § | |
| *Defendants* | § | |
| | § | |
| And Related Counterclaims | § | |
| | § | |
| | § | |

## HTI IP, LLC AND NETWORKFLEET, INC.'S REPLY TO DEFENDANT PROCON, INC.'S AMENDED COUNTERCLAIMS

Plaintiffs/Counterdefendants HTI IP, LLC and NetworkFleet, Inc. (collectively "HTI"), by and through their designated attorneys, hereby reply to the amended counterclaims of defendant PROCON, Inc. ("PROCON"). HTI responds to PROCON's allegations using the same paragraph numbers that appear in PROCON's amended counterclaims. All factual allegations not expressly admitted below are denied.

## REPLY TO AMENDED COUNTERCLAIMS

70.     HTI is without knowledge or information sufficient to admit or deny the allegations in paragraph 70 and therefore denies the same.

71.     HTI admits the allegations in paragraph 71.

72.     HTI admits the allegations in paragraph 72.

73.     HTI admits the allegations in paragraph 73.

**COUNT I – DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

**AND INVALIDITY OF THE '579 PATENT**

74.     HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 73 of its Answer and Amended Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 56 of its amended complaint and the admissions and denials in paragraphs 70 through 73 of this reply.  HTI further states that paragraphs 57 through 69 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

75.     HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '579 patent are invalid, void, and not infringed by any act of PROCON.

76.     HTI admits the allegations in paragraph 76.

77.     HTI admits that an actual controversy exists between HTI and PROCON with respect to the '579 patent.  HTI denies the remaining allegations in paragraph 77.

78.     HTI denies the allegations in paragraph 78.

**COUNT II – DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT**

**AND INVALIDITY OF THE '790 PATENT**

79.     HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 78 of its Answer and Amended Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 56 of its amended complaint and the admissions and denials in paragraphs 70 through 78 of this reply.  HTI further states that paragraphs 57 through 69

of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

80.     HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '790 patent are invalid, void, and not infringed by any act of PROCON.

81.     HTI admits the allegations in paragraph 81.

82.     HTI admits that an actual controversy exists between HTI and PROCON with respect to the '790 patent.  HTI denies the remaining allegations in paragraph 82.

83.     HTI denies the allegations in paragraph 83.

## COUNT III – DECLARATORY JUDGMENT OF PATENT
## NONINFRINGEMENT AND INVALIDITY OF THE '031 PATENT

84.     HTI admits that PROCON purports to incorporate each admission, denial, and allegation contained in paragraphs 1 through 83 of its Answer and Amended Counterclaim, and incorporates herein its allegations and replies as set forth in paragraphs 1 through 56 of its amended complaint and the admissions and denials in paragraphs 70 through 83 of this reply.  HTI further states that paragraphs 57 through 69 of PROCON's Answer and Counterclaim relate to matters to which no reply from HTI is needed.

85.     HTI admits that PROCON's Counterclaim against HTI purports to state a causes of action of declaratory judgment that the claims of the '031 patent are invalid, void, and not infringed by any act of DriveOK or PROCON.

86.     HTI admits the allegations in paragraph 86.

87.     HTI admits that an actual controversy exists between HTI and PROCON with respect to the '031 patent.  HTI denies the remaining allegations in paragraph 87.

88.     HTI denies the allegations in paragraph 88.

Dated: February 12, 2010

Respectfully submitted,

**McKOOL SMITH**

By:   /s/ Martin C. Robson
      Sam F. Baxter, Lead Attorney
      Texas State Bar No. 01938000
      sbaxter@mckoolsmith.com
      MCKOOL SMITH, P.C.
      104 E. Houston St., Ste. 300
      P.O. Box O
      Marshall, Texas 75670
      Telephone:  (903) 923-9000
      Fax:  (903) 923-9099

      Robert M. Manley
      Texas State Bar No. 00787955
      rmanley@mckoolsmith.com
      Martin C. Robson, III
      Texas State Bar No. 24004892
      mrobson@mckoolsmith.com
      McKOOL SMITH, P.C.
      300 Crescent Court, suite 1500
      Dallas, Texas 75201
      Telephone:  (214) 978-4000
      Fax:  (214) 978-4044

      Robert M. Masters
      robmasters@paulhastings.com
      Bhaskar Kakarla
      bhaskarkakarla@paulhastings.com
      PAUL, HASTINGS, JANOFSKY &
      WALKER LLP
      875 15th Street, N.W.,
      Washington, D.C. 20005
      Telephone: (202) 551-1700
      Facsimile: (202) 551-0238

      Elizabeth L. Brann
      elizabethbrann@paulhastings.com
      PAUL, HASTINGS, JANOFSKY &
      WALKER LLP
      4747 Executive Drive
      12th Floor
      San Diego, California 92121
      Telephone: (858) 458-3000
      Facsimile: (858) 458-3005

*Attorneys for Plaintiff HTI IP, LLC and*
*NetworkFleet, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2010, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.

/s/ Martin C. Robson
_____
Martin C. Robson