**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **HTI IP, LLC AND NETWORKFLEET, INC.,** | § § § | |
| **PLAINTIFFS,** | § § § | |
| **V.** | § § | |
| **DRIVEOK, INC. (D/B/A VEHICLEPATH), WEBTECH WIRELESS, INC., WEBTECH WIRELESS USA LTD. AND XIRGO TECHNOLOGIES, LLC,** | § § § § § § § § | **C.A. NO.  6:09-CV-370** |
| **DEFENDANTS.** | § | |

**WEBTECH WIRELESS INC.'S FIRST AMENDED ANSWER TO
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant WebTech Wireless Inc. ("WebTech Canada") answers Plaintiff's Amended Complaint for Patent Infringement as follows:

**THE PARTIES**

1.       Upon information and belief, WebTech Canada admits that HTI IP is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 41 Perimeter Center East, Suite 400, Atlanta, Georgia, 30346.

2.       Upon information and belief, WebTech Canada admits that NetworkFleet is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6363 Greenwich Dr., Suite 200, San Diego, California, 92122.

3.       WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.       WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.       WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.       WebTech Canada admits that WebTech Wireless Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 215-4299 Canada Way, Burnaby, British Columbia, Canada V5G 1H3.

7.       WebTech Canada admits that WebTech Wireless USA, Ltd. is a wholly owned subsidiary of WebTech Canada and is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1685 H Street, 1195, Blaine, Washington, 98230.

8.       WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9.       WebTech Canada admits this is purportedly an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

10.       WebTech Canada admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.       WebTech Canada admits that this Court has personal jurisdiction over WebTech Canada as to this action only.  Any allegations not expressly admitted herein are denied.

12.       WebTech Canada admits that it conducts business in the United States and in the Eastern District of Texas.  Any allegations not expressly admitted herein are denied.

13.     WebTech Canada denies that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

## THE PATENTS-IN-SUIT

14.     WebTech Canada admits that on July 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,594,579 ("the '579 Patent") entitled "*Internet-Based Method for Determining a Vehicle's Fuel Efficiency*" to Larkin Hill Lowrey, Bruce Lightner, Matthew J. Banet, Diego Borrego, Chuck Myers and James Cowart.  WebTech Canada admits that a copy of the '579 Patent was attached to the Complaint as Exhibit A.  WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15.     WebTech Canada admits that on August 5, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,604,033 ("the '033 Patent") entitled "*Wireless Diagnostic System for Characterizing a Vehicle's Exhaust Emissions*" to Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey.  WebTech Canada admits that a copy of the '033 Patent was attached to the Complaint as Exhibit B.  WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16.     WebTech Canada admits that on October 21, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,636,790 ("the '790 Patent") entitled "*Wireless Diagnostic System and Method for Monitoring Vehicles*" to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey.  WebTech Canada admits that a copy of the '790 Patent was attached to the Complaint as Exhibit C.  WebTech Canada is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17.     WebTech Canada admits that on May 4, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,732,031 ("the '031 Patent") entitled "*Wireless Diagnostic System for Vehicles*" to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey.  WebTech Canada admits a copy of the '031 Patent was attached to the Complaint as Exhibit D.  WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

## THE PRODUCTS

18.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     WebTech Canada denies that each of the "Patents-in-Suit" is directed to a novel wireless and/or internet based diagnostic monitoring system and/or novel method used to monitor and report data from the vehicle OBD/OBD-II system on one or a group of vehicles.

21.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     WebTech Canada admits that it sells the OBDII Gateway, WebTech Locator and Quadrant systems.  WebTech Canada admits that these systems work with a vehicle OBD-II connector.  Any allegations not expressly admitted herein are denied.

23.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

## COUNT I
### (Infringement of the '579 Patent)

24.     WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-23.  Any allegations of paragraphs 1-23 not specifically admitted herein are denied.

25.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     WebTech Canada denies these allegations.

29.     WebTech Canada denies these allegations.

30.     WebTech Canada denies these allegations.

31.     WebTech Canada denies these allegations.

## COUNT II
### (Infringement of the '033 Patent)

32.     WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-31.  Any allegations of paragraphs 1-31 not specifically admitted herein are denied.

33.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     WebTech Canada denies these allegations.

35.     WebTech Canada denies these allegations.

36.     WebTech Canada denies these allegations.

37.     WebTech Canada denies these allegations.

## COUNT III
### (Infringement of the '790 Patent)

38.     WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-39.  Any allegations of paragraphs 1-39 not specifically admitted herein are denied.

39.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.     WebTech Canada denies these allegations.

42.     WebTech Canada denies these allegations.

43.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     WebTech Canada denies these allegations.

46.     WebTech Canada denies these allegations.

## COUNT IV
### (Infringement of the '031 Patent)

47.     WebTech Canada admits that HTI realleges and incorporates by reference the allegations contained in paragraphs 1-48.  Any allegations of paragraphs 1-48 not specifically admitted herein are denied.

48.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     WebTech Canada denies these allegations.

51.     WebTech Canada denies these allegations.

52.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     WebTech Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     WebTech Canada denies these allegations.

55.     WebTech Canada denies these allegations.

## PRAYER FOR RELIEF

WebTech Canada denies that HTI IP and NetworkFleet are entitled to any of the requested relief.   WebTech Canada demands a trial by jury of all disputed, material facts (including any such facts later pleaded in the counterclaims below).

## DEMAND FOR JURY TRIAL

WebTech Canada admits that HTI IP and NetworkFleet demand a trial by jury.

## AFFIRMATIVE DEFENSES AND/OR OTHER AVOIDANCES

1.     WebTech Canada does not infringe any valid, enforceable claim of the Patents-in-Suit.

2.     The Patents-in-Suit are invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, the requirements of Sections 101, 102, 103 and 112.

3.     HTI IP and NetworkFleet are estopped (by way of prosecution history estoppel and all other forms of estoppel) from asserting the Patents-in-Suit in any way cover or include

(literally or by Doctrine of Equivalents) any method or system manufactured, used, imported, sold, or offered for sale by WebTech CANADA.

4.      HTI IP and NetworkFleet are not entitled to injunctive relief due to HTI IP and NetworkFleet's unclean hands.

5.      HTI IP and NetworkFleet have failed to state a claim on which relief may be granted.

6.      HTI IP and NetworkFleet's claims are barred by laches.

7.      HTI IP and NetworkFleet's claims are barred by equitable and/or quasi-estoppel.

## COUNTERCLAIMS

WebTech Canada counterclaims against HTI IP and NetworkFleet as follows:

1.      WebTech Wireless Inc. ("WebTech Canada") is a corporation organized and existing under the laws of Canada, with a principal place of business at 215-4299 Canada Way, Burnaby, British Columbia, Canada V5G 1H3.

2.      Upon information and belief, HTI IP, LLC ("HTI IP") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 41 Perimeter Center East, Suite 400, Atlanta, Georgia, 30346.

3.      Upon information and belief, NetworkFleet, Inc. ("NetworkFleet") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6363 Greenwich Dr., Suite 200, San Diego, California, 92122.

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2001 because they arise under an Act of Congress relating to patents, and (b) pursuant to 28 U.S.C. § 1367.

5.      By filing their Complaint, HTI IP and NetworkFleet have consented to the personal jurisdiction and venue of this Court.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '579 PATENT

6.      To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-5, the same as if set forth at length.

7.      On July 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,594,579 ("the '579 Patent") entitled "*Internet-Based Method for Determining a Vehicle's Fuel Efficiency*" to Larkin Hill Lowrey, Bruce Lightner, Matthew J. Banet, Diego Borrego, Chuck Myers and James Cowart.  HTI IP and NetworkFleet claim to own all rights in and to the '579 Patent.

8.      HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '579 Patent.

9.      An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '579 Patent.

10.      WebTech Canada has not directly infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '579 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '579 Patent.

11.      The '579 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '033 PATENT

12.      To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-11, the same as if set forth at length.

13.     On August 5, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,604,033 ("the '033 Patent") entitled "*Wireless Diagnostic System for Characterizing a Vehicle's Exhaust Emissions*" to Matthew J. Banet, Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey.  HTI IP and NetworkFleet claim to own all rights in and to the '033 Patent.

14.     HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '033 Patent.

15.     An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '033 Patent.

16.     WebTech Canada has not directly infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '033 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '033 Patent.

17.     The '033 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '790 PATENT

18.     To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-17, the same as if set forth at length.

19.     On October 21, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,636,790 ("the '790 Patent") entitled "*Wireless Diagnostic System and Method for Monitoring Vehicles*" to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey. HTI IP and NetworkFleet claim to own all rights in and to the '790 Patent.

20.     HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '790 Patent.

21.     An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '790 Patent.

22.     WebTech Canada has not directly infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '790 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '790 Patent.

23.     The '790 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF THE '031 PATENT

24.     To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-23, the same as if set forth at length.

25.     On May 4, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,732,031 ("the '031 Patent") entitled *Wireless Diagnostic System for Vehicles*" to Bruce Lightner, Diego Borrego, Chuck Myers and Larkin Hill Lowrey.   HTI IP and NetworkFleet claim to own all rights in and to the '031 Patent.

26.     HTI IP and NetworkFleet have alleged that WebTech Canada infringes the '031 Patent.

27.     An actual controversy exists between WebTech Canada and HTI IP and NetworkFleet regarding the infringement and invalidity of the '031 Patent.

28.     WebTech Canada has not directly infringed, contributed to the infringement of, nor induced infringement of any valid, enforceable claim of the '031 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '031 Patent.

29.     The '031 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## VIOLATION OF SECTION 17200 OF
## THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

30.     To the extent not inconsistent, WebTech Canada incorporates by reference paragraphs 1-29, the same as if set forth at length.

31.     WebTech Canada and NetworkFleet are corporations both doing business in the State of California.  In fact, NetworkFleet is headquartered in San Diego, California.

32.     WebTech Canada has an economic relationship, regarding the products accused of infringement, with several distributors, including AT&T.  NetworkFleet is aware of the economic relationship between WebTech Canada and these distributors as well as with end customers of the distributors who are buying WebTech products.

33.     NetworkFleet has taken steps to attempt to disrupt the relationship between WebTech Canada, its distributors, and end customers of the distributors who are buying WebTech products and divert sales from WebTech Canada to NetworkFleet.  NetworkFleet's actions include, but are not limited to, making representations to improperly suggest that the customers should transfer their business from WebTech Canada to NetworkFleet based on the pending patent infringement lawsuit; that WebTech's products infringe the NetworkFleet

patents; that WebTech Canada cannot manufacture or sell a noninfringing product; and that NetworkFleet is the exclusive source of certain types of products because of its patents.

34.     The misleading statements have created and were intended to:  create confusion, mistake, and deception among potential licensees, distributors, and customers; and divert prospective licensees, distributors, and customers of WebTech Canada.  NetworkFleet made the statements willfully and with the intent to deceive.

35.     NetworkFleet's misleading statements about the WebTech products and alleged infringement have been made in order to devalue and injure WebTech Canada, to impugn the business honesty of WebTech Canada, and to engage in unfair competition under California Business and Professions Code Section 17200.

36.     These statements by NetworkFleet result in at least probable injury to WebTech Canada insofar as customers are postponing or delaying business with WebTech Canada in light of these statements.  The harm caused by NetworkFleet's statements outweighs any benefit the conduct may have.

37.     The statements made by NetworkFleet do not qualify as privileged communications under California Civil Code Section 47(b) because the privilege does not shield false statements broadcasted to the general public and does not shield statements that do not further the objective of the litigation.

38.     NetworkFleet's business practices are unlawful, unfair, and anti-competitive as they offend established public policy with respect to competition.  Further, the practices are unethical and/or substantially injurious to consumers.

39.     Because NetworkFleet is headquartered in California, these acts occurred, at least in part, in California and violate California Business and Professions Code 17200.

40.     NetworkFleet should be enjoined from further violations of Section 17200.

## **PRAYER FOR RELIEF**

WHEREFORE, WebTech Canada respectfully prays that upon final trial a judgment be entered and that the following relief be granted:

1.      HTI IP and NetworkFleet's Complaint be dismissed with prejudice;

2.      HTI IP and NetworkFleet take nothing by their Complaint in this action;

3.      Entry of a declaratory judgment that WebTech does not infringe the Patents-in-Suit;

4.      Entry of a declaratory judgment that the Patents-in-Suit are invalid;

5.      Entry of an injunction against NetworkFleet, its successors, agents, representatives, employees, and persons who act in concert with them, to stop further violations of Section 17200; and

6.      WebTech Canada be granted such other and further relief, general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted this 28th day of May, 2010,

|  | /s/ *Brett C. Govett* |
|  | Brett C. Govett |
|  | Texas Bar No. 08235900 |
|  | Email: bgovett@fulbright.com |
|  | Kirby B. Drake |
|  | Texas Bar No. 24036502 |
|  | Email: kdrake@fulbright.com |
|  |  |
|  | FULBRIGHT & JAWORSKI L.L.P. |
|  | 2200 Ross Avenue, Suite 2800 |
|  | Dallas, Texas  75201-2784 |
|  | Telephone:  (214) 855-8000 |
|  | Facsimile:  (214) 855-8200 |
|  |  |
|  | **COUNSEL FOR DEFENDANT** |
|  | **WEBTECH WIRELESS INC.** |

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel certifies that this document has been served in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas on May 28, 2010.

_/s/ Brett C. Govett_____
Brett C. Govett