IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HTI IP, LLC AND NETWORKFLEET, INC., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | C.A. NO. 6:09-CV-370-LED |
| PROCON, WEBTECH WIRELESS INC., WEBTECH WIRELESS USA LTD. AND XIRGO TECHNOLOGIES, LLC, | § § § § § | JURY TRIAL DEMANDED |
| DEFENDANTS. | § § § | |

**DEFENDANTS' REPLY TO MOTION FOR RULE 16 CONFERENCE**

**I.     INTRODUCTION**

This is a request for a Rule 16 conference, not a discovery dispute. Defendants' Motion is based upon unresolved procedural disputes that the parties have been unable to effectively address. The Court may settle these disputes by way of setting deadlines and ruling on the pending motions. Plaintiffs have not resolved any of these issues in their response. By refusing to narrow the 191 pending claims until after Defendants provide supplemental invalidity contentions (in response to Plaintiff's supplemental infringement contentions), Plaintiffs have violated the spirit of the patent rules. Defendants' request goes to the heart of the dispute – resolving the uncertainty in the scope of the case. First is Defendants' request for a reasonable deadline by which Plaintiffs will narrow the number of claims asserted. Second is the request for the Court to set an earlier initial mediation. Third is a point that Plaintiffs do not address – the pending motions to transfer venue and dismiss. The setting of deadlines that Defendants request

will provide greater certainty and conserve resources otherwise wasted in defending Plaintiffs' indeterminate and changing positions. Defendants, therefore, request that the Court set the case for a second management conference under Rule 16.

## II.   DEFENDANTS' REQUEST FOR PLAINTIFFS TO REASONABLY REDUCE THE NUMBER OF ASSERTED CLAIMS REMAINS UNRESOLVED

Plaintiffs' offer to reduce the number of claims on August 15, while commendable, is not helpful because that date is *after* Defendants would have to provide invalidity contentions for over 191 claims and mere days before the parties are to exchange proposed constructions for over 100 disputed terms. This position was made clear to Plaintiffs during the meet and confer. Defendants stated they could not agree to a date for Plaintiffs to reduce the number of claims after Defendants supplement invalidity contentions. The reason is simple. The costs of preparing contentions and defense on over 191 claims continue to increase. There is no assurance that the "reduction" offered by Plaintiffs will be substantial.

The unfairness of the present situation cannot be stressed enough. Plaintiffs had an obligation to prepare detailed infringement contentions for asserted claims in January 2010 - not in July 2010, and certainly not in August 2010. Plaintiffs now argue they need a substantial amount of time to review documents and Defendants' contentions to state their case. Plaintiffs have also argued that this Court has neither the power to reduce their delay nor to force Plaintiffs to select a reasonable number of properly asserted claims. Defendants do not agree. Such arguments turn the patent rules on their head. If Plaintiffs were allowed to assert any number of claims without basis, the patent rules are rendered meaningless. Likewise, Plaintiffs assertions that they will be prejudiced by requiring a reduction of the number of claims because of the need to research Defendants' documents are incorrect. The rules do not allow fishing expeditions into documents and require that Plaintiffs stake their case before Defendants are forced to defend on

the merits. Plaintiffs have admitted that they do not intend to go to trial on 191 claims. If Plaintiffs concede that there is substantial overlap of these claims, their volume can be reduced to a manageable number. Plaintiffs have not offered a viable solution. Their offer for Defendants to "wait and see" until after Defendants' invalidity contentions are served on July 31, 2010 is not reasonable.

Defendants' argument is not that a management conference is necessary to strike claims, strike infringement contentions, or make the Plaintiffs forego theories of infringement. While the moment may come when Defendants have to request such relief if Plaintiffs infringement contentions continue to be as bare and undecipherable as they are, Defendants' main concern is that Plaintiffs have refused to reduce the number of claims to a reasonable number with the excuse that they need to do more research to make initial contentions. This is something the patent rules do not permit. Defendants are prejudiced. The delay in providing a reasonable number of claims has caused unnecessary expense and a waste of resources. Requiring that Plaintiffs reduce the number of claims to a reasonable number before Defendants have to supplement their invalidity contentions accomplishes the goals of the patent rules and provides certainty that Defendants need.

### III.   REQUIRING AN EARLIER INITIAL MEDIATION IS NOT FUTILE

The deadline to mediate the case is April 15, 2011. Defendants have requested an earlier initial mediation. There is no harm in setting the case for an earlier mediation. Plaintiffs do not point to any prejudice. Indeed, if mediation is as fruitless as Plaintiffs argue, then Plaintiffs would not object to the Court setting initial mediation at an earlier date. Defendants believe a case management conference to explore the earlier date is proper.

Further, an off-the-cuff comment by Plaintiffs' counsel to forego past damages if Defendants will shut down its products is not an offer of settlement. This type of take-it-or-

leave-it comment, made for the first time at the meet and confer on this motion, is not a reasonable effort to settle the parties' issues.  The fact is that revenues are low (Plaintiffs bald assertions of "unlimited" value are not realistic).  An earlier initial mediation would allow the parties much needed instruction as to the realities and circumstances of this case, which is not the extraordinary feat Plaintiffs allege.  Indeed, Plaintiffs' own response alludes to the weakness of the case when Plaintiffs refuse to narrow the number of claims before Defendants have asserted the invalidating prior art raised in Defendants' invalidity contentions.  The parties would benefit more from an earlier mediation than a later effort when the case might become a *fait accompli*.

## IV. THE PENDING MOTIONS TO TRANSFER AND DISMISS ARE RIPE FOR THE COURT'S DETERMINATION

The pending motions to transfer and dismiss are important to Defendants' request.  Plaintiffs do not address these issues in their response.  The Court may set the case for a management conference and rule on these pending motions.

## V. CONCLUSION

Plaintiffs' response has not raised obstacles to having the Court set a second management conference.  Perhaps the most threatening obstacle to Plaintiffs case is that the Court may rule on the pending motions to transfer and dismiss.  Regardless of the outcome of those motions, the case presents issues of substantial obfuscation resulting from the excessive number of claims and Plaintiffs refusal to work with Defendants in finalizing their contentions (with a reduced set) before Defendants have to prepare additional contentions and well before proposed claim constructions are to be exchanged.  Defendants also contend that an early mediation is proper.  The Court's hand in managing the case to align it with the scope and purpose of the patent rules would serve the goals of more efficiently driving the case to conclusion.  A short Rule 16 conference is appropriate to address these issues.

Respectfully submitted this 18th day of June, 2010.

/s/ *Brett C. Govett*
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com
Kirby B. Drake
Texas Bar No. 24036502
Email: kdrake@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

**COUNSEL FOR DEFENDANTS**
**WEBTECH WIRELESS INC.,**
**WEBTECH USA LTD.**

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document was served in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas on June 18th, 2010.

*/s/ Brett C. Govett*
Brett C. Govett