**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| HTI IP, LLC and NETWORKFLEET, INC., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACT. NO: 6:09-cv-370 |
| DRIVEOK, INC. (D/B/A VEHICLEPATH), WEBTECH WIRELESS, INC., WEBTECH WIRELESS USA LTD., and XIRGO TECHNOLOGIES, LLC, | § § § § § | JURY TRIAL DEMANDED |
| Defendants, | § § | |
| AND RELATED COUNTERCLAIMS. | § § | |

**PLAINTIFFS HTI IP, LLC'S AND NETWORKFLEET, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS WEBTECH WIRELESS, INC.'S COUNTERCLAIM FOR VIOLATION OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**

## TABLE OF CONTENTS

                                                                                                                            **Page**

I.     INTRODUCTION ................................................................................................ 1

II.    WEBTECH'S OPPOSITION IS PROCEDURALLY IMPROPER AND CITES A STANDARD OF REVIEW THE SUPREME COURT EXPRESSLY REJECTED ........ 1

III.   WEBTECH FAILS TO ALLEGE UCL STANDING ........................................................ 2

IV.   WEBTECH FAILS TO PLEAD SUFFICIENT FACTS TO INVOKE ANY ONE OF THE UCL'S THREE PRONGS ................................................................. 3

         A.     WebTech Fails To Plead a Claim Under the UCL's "Unlawful" Prong ............... 4

         B.     WebTech Fails To Plead a Claim Under the UCL's "Unfair" Prong .................... 4

         C.     WebTech Fails To Plead a Claim Under the UCL's "Fraudulent" Prong and Fails To Meet the Requirements of Rule 9(b) ................................................. 5

V.     CONCLUSION ................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ass'n for Retarded Citizens of Dallas v. Health & Mental Retardation Ctr.*,
  19 F.3d 241 (5th Cir. 1994) ............................................................................................... 3

*Bell Atlantic Corp v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 2

*Bender v. LG Elecs. U.S.A, Inc.*,
  Case No. 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) .................... 1

*Branch v. Tower Air, Inc.*,
  Case No. 94 Civ. 6625 (JFK), 1995 WL 649935 (S.D.N.Y. 1995) ................................... 2

*Buckland v. Threshold Enters. Ltd.*,
  155 Cal. App. 4th 798 (2007) ...................................................................................... 2n, 3

*Claywoth v. Pfizer*,
  Case No. S166433, 2010 WL 2721021 (Cal. July 12, 2010) ........................................... 2n

*Conley v. Gibbs*,
  355 U.S. 41 (1957) ............................................................................................................. 2

*E&E Co., Ltd. v. Kam Hing Enters., Inc.*,
  Case No. C-08-0871 MMC, 2008 WL 1924905 (N.D. Cal. April 29, 2008) .................... 4

*Gemini Aluminum Corp. v. Shapes, Inc.*,
  95 Cal. App. 4th 1249 (2002) ............................................................................................ 5

*Golden v. Austin County Sheriff's Dept.*,
  Case No. H-09-817, 2009 WL 1835448 (S.D. Tex. June 26, 2009) .................................. 2

*In re Tobacco II*,
  46 Cal. 4th 298 (2009) ..................................................................................................... 3n

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................................................... 5

*Medical Inst. Dev. Labs. v. Alcon Labs.*,
  Case No. C 05-1138 MJJ, 2005 WL 1926673 (N.D. Cal. Aug. 10, 2005) ........................ 5

*Nat'l Rural Tel. Coop. v. DirecTV, Inc.*,
  319 F. Supp. 2d 1059 (C.D. Cal. 2003) ........................................................................... 3n

Dallas 305751v1

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Reeves v. Hanlon,*
  33 Cal. 4th 1140 (2004) ..................................................................................................4

*Sullivan v. Leor Energy, LLC*,
  600 F.3d 542 (5th Cir. 2010) ..........................................................................................1

## STATUTES

California Business and Professions Code section 17200 ..............................................1

California Business and Professions Code section 17204 ..............................................2

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 2

Federal Rule of Civil Procedure Rule 9(b) .....................................................................5

**I.      INTRODUCTION**

WebTech Wireless Inc.'s opposition to Plaintiffs' motion to dismiss WebTech's counterclaim is grounded in alleged facts and a new declaration that make no appearance in WebTech's operative pleading. This is not the stuff of Rule 12 motions. If WebTech believed its original allegations were inadequate – and plainly it does given the new declaration – its response should have been to amend its counterclaim. Now, Plaintiffs are left with five pages to respond to facts that make no appearance in WebTech's pleading. This is unfair, prejudicial, and the Declaration of Scott Edmonds should not be considered.

Even with WebTech's attempt to supplement its Counterclaim by adding facts in its opposition and declaration, WebTech's allegations invoking California Business and Professions Code section 17200, California's Unfair Competition Law ("UCL"), remain defective. WebTech still has not alleged UCL standing and WebTech has yet to invoke properly any one of the UCL's three prongs. A failing of either ground supports dismissal, and, here, both do.

**II.     WEBTECH'S OPPOSITION IS PROCEDURALLY IMPROPER AND CITES A STANDARD OF REVIEW THE SUPREME COURT EXPRESSLY REJECTED.**

Despite acknowledging that Plaintiffs' motion to dismiss was brought under Federal Rule of Civil Procedure 12(b)(6), WebTech introduces a declaration in support of its opposition. This is improper. Citing to Supreme Court law, the Fifth Circuit holds that "'[t]o survive a motion to dismiss, *a complaint* must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added)). It is the operative pleading that matters. Courts from around the Country confirm that "[t]he Court is limited to basing a 12(b)(6) determination on the facts alleged in the operative pleading, and thus may not consider [] declarations filed in opposition[s.]" *Bender v. LG Elecs. U.S.A, Inc.*, Case

-1-

No. 09-02114 JF (PVT), 2010 WL 889541, *6 (N.D. Cal. Mar. 11, 2010); *see also Branch v. Tower Air, Inc.*, Case No. 94 Civ. 6625 (JFK), 1995 WL 649935, *6 (S.D.N.Y. 1995) ("memoranda and supporting affidavits in opposition to a motion to dismiss cannot cure a defective complaint[.]"). The declaration should not be considered.

WebTech's problems only start with the declaration. WebTech also cites *Conley v. Gibbs*, 355 U.S. 41, 45-46 (1957) for the proposition that a court may not dismiss under Rule 12(b)(6) "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle to him relief." Docket No. 131 at 2. This would be true but for the fact that the Supreme Court overturned *Conley* and rejected this standard three years ago in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). *Id.* at 563 ("The phrase is best forgotten[.]"); *see also Golden v. Austin County Sheriff's Dept.*, Case No. H-09-817, 2009 WL 1835448, *2 (S.D. Tex. June 26, 2009) (recognizing that *Twombly* overruled *Conley*).

WebTech's opposition is thus troubled from the get go. It relies on a declaration outside of the pleadings and asks the Court to follow a standard the Supreme Court expressly overturned.

### III. WEBTECH FAILS TO ALLEGE UCL STANDING.

As explained in the opening papers, a UCL claimant must have statutory standing. Under California Business and Professions Code section 17204, a would-be UCL claimant only has standing to assert a claim if that plaintiff has "suffered injury in fact and has lost money or property as a result of such unfair competition."[1]

Here, WebTech lacks UCL standing because it alleges no actual injury (only "probable

---

[1] When Plaintiffs filed this motion, California law required a UCL claimant to plead entitlement to restitution in order to seek injunctive relief. *See, e.g., Buckland v. Threshold Enters. Ltd.*, 155 Cal. App. 4th 798, 817 (2007). On July 12, 2010, the California Supreme Court announced its opinion in *Claywoth v. Pfizer*, Case No. S166433, 2010 WL 2721021 (Cal. July 12, 2010), which held the opposite. *Id.* at *19. Plaintiffs call *Clayworth* to the Court's attention and notes that they forego reliance on the "restitution" argument previously advanced.

-2-

injury." *See* Docket No. 118 (Counterclaims) ¶ 36).  In opposition, WebTech introduces a new, unalleged theory (time, including the CEO's time, lost "preparing legal documents and discussions with outside counsel" and customers) in an effort to show injury in fact.  Docket No. 131 at 2-4.  WebTech implicitly concedes this theory does not appear in its Counterclaim and that alone is sufficient to grant Plaintiffs' motion to dismiss.

Even still, questions remain as to WebTech's new theory.  In *Buckland* – the authority WebTech grounds its new theory in – the Court of Appeal rejected the plaintiff's standing arguments and stated (albeit in dicta, just as the language WebTech relies on is) that "Buckland does not allege any comparable diversion of resources, and her investigation costs, if any, are inextricably tied to her litigation expenses."  *Buckland*, 155 Cal. App. 4th at 816; *see also Ass'n for Retarded Citizens of Dallas v. Health & Mental Retardation Ctr.*, 19 F.3d 241, 244 (5th Cir. 1994) ("mere fact that an organization redirects its resources to litigation and legal counseling in response to [] another party is insufficient to impart standing").  WebTech's reliance on hours of time working with legal documents and outside counsel thus does not give rise to any claim of UCL standing.  Given that WebTech raised these issues only in opposition, a full airing will have to await a new pleading and a second round of briefing.[2]

### IV.   WEBTECH FAILS TO PLEAD SUFFICIENT FACTS TO INVOKE ANY ONE OF THE UCL'S THREE PRONGS.

In its moving papers, Plaintiffs showed that WebTech failed to allege facts sufficient to

---

[2] WebTech, alternatively, points to alleged "delayed" sales as supporting "injury in fact." Docket No. 131 at 4.  The argument is also inapposite for at least two reasons.  A claim to *future* sales, like *future* wages, does not support a claim of UCL standing.  *See Nat'l Rural Tel. Coop. v. DirecTV, Inc.*, 319 F. Supp. 2d 1059, 1080 (C.D. Cal. 2003) (contrasting unpaid wages and future wages).  And, even the Edmonds Declaration ties the "delayed" sales argument to a reseller, GPS Tracking, not HTI or Network Fleet, *see* Docket No. 131, Ex. 1, ¶ 4 – leaving WebTech without standing to advance that theory against Plaintiffs.  *In re Tobacco II*, 46 Cal. 4th 298, 328 (2009) ("a plaintiff must allege that the defendant's [conduct] was an immediate cause of the injury[]").

-3-

invoke any of the UCL's three prongs. Nothing in WebTech's opposition changes that analysis.

### A.   WebTech Fails To Plead a Claim Under the UCL's "Unlawful" Prong.

Plaintiffs have already shown that WebTech failed to plead sufficient facts to invoke the UCL's "unlawful" prong. WebTech's actually-pleaded UCL claim identifies no "borrowed" law it claims Plaintiffs violated and in such circumstances courts dismiss UCL claims. *See, e.g., E&E Co., Ltd. v. Kam Hing Enters., Inc.*, Case No. C-08-0871 MMC, 2008 WL 1924905, *1 (N.D. Cal. April 29, 2008) ("plaintiff's allegations are insufficient to satisfy the 'unlawful' prong, [because] that allegations [] must be accompanied by reference to a particular statute").

In opposition, WebTech asserts the conclusion that it sufficiently pleaded a claim under the UCL's unlawful prong but then goes on to (a) cite the Edmonds Declaration extensively, *see, e.g.,* Docket No. 131 at 6, and (b) ends with a request for leave to amend. *Id.* at 7. WebTech's eleventh-hour claim that Plaintiffs committed "tortious interference with business relationships" or violated the Lanham Act (claims that make no appearance in the actual UCL counterclaim) also fail. WebTech alleges the elements of neither claim, and WebTech's opposition does not even discuss either claim's elements.[3] WebTech has simply failed (either in its Counterclaim or its opposition) to explain how it properly invokes the UCL's "unlawful" prong.

### B.   WebTech Fails To Plead a Claim Under the UCL's "Unfair" Prong.

WebTech has similarly failed to plead a claim under the UCL's "unfair" prong claim. Plaintiffs will not repeat the law advanced in its moving papers. It is sufficient here to point to WebTech's admission (an admission WebTech repeats throughout its Opposition) that its pleading deficiencies "may be addressed through amendment to add the facts set forth in the

---

[3] A "tortious interference claim[,]" for example, requires pleading "the existence of a valid contract between the [claimant] and a third party" and "actual breach or disruption of the contractual relationship[.]" *Reeves v. Hanlon,* 33 Cal. 4th 1140, 1148 (2004). WebTech alleges neither. Similarly, WebTech offers not even a hint as to how it invokes the Lanham Act.

-4-

[Edmonds] Declaration[.]" Docket No. 131 at 8. While Plaintiffs disagree that the Edmonds Declarations includes sufficient facts to state a claim, WebTech's mere reliance on the Declaration admits that what it pleaded was inadequate.

### C. WebTech Fails To Plead a Claim Under the UCL's "Fraudulent" Prong and Fails To Meet the Requirements of Rule 9(b).

WebTech's invocation of the UCL's "fraud" prong is equally defective. WebTech offers no response to the law holding that the "fraud" prong is inapplicable to suits between direct competitors – *see, e.g., Medical Inst. Dev. Labs. v. Alcon Labs.*, Case No. C 05-1138 MJJ, 2005 WL 1926673, *5 (N.D. Cal. Aug. 10, 2005) ("Plaintiff MID Labs is Alcon's direct competitor or, at least, a non-consumer, and 'is not a member of the public or a consumer entitled to' protection under the [fraud prong].") – and argues that UCL claims are subject to a lesser form of Federal Rule of Civil Procedure Rule 9(b). Docket No. 131 at 9-10. The Ninth Circuit has already rejected WebTech's argument, applying the full force of Rule 9(b) to UCL claims sounding in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-27 (9th Cir. 2009). WebTech has simply failed to allege the "who, what, when, where and how" of its claim as the law requires. *Id.*[4]

### V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court grant their motion. WebTech's UCL claim fails to plead actual injury, and without such a showing it lacks UCL standing. Nor has WebTech properly invoked any one of the UCL's three prongs. WebTech's filing of an improper opposition declaration effectively concedes as much.

---

[4] For example, based on the Edmonds Declaration, it appears that all of the alleged representations at issue occurred in Texas. If true, there is a substantial and significant argument that WebTech invokes the wrong law. Similarly, the question of the litigation privilege remains. The case WebTech relies on – *Gemini Aluminum Corp. v. Shapes, Inc.*, 95 Cal. App. 4th 1249 (2002) – deals with the competition privilege (which it bears the burden on), not the litigation privilege. WebTech has offered no meaningful response to Plaintiffs' invocation of the litigation privilege or the cited authority.

-5-

Dated:  July 19, 2010   Respectfully submitted,

**McKOOL SMITH**

By:  */s/ Sam F. Baxter*
  Sam F. Baxter, Lead Attorney
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com
  MCKOOL SMITH, P.C.
  104 E. Houston St., Ste. 300
  P.O. Box O
  Marshall, Texas 75670
  Telephone:  (903) 923-9000
  Fax:  (903) 923-9099

  Robert M. Manley
  Texas State Bar No. 00787955
  rmanley@mckoolsmith.com
  Martin C. Robson, III
  Texas State Bar No. 24004892
  mrobson@mckoolsmith.com
  McKOOL SMITH, P.C.
  300 Crescent Court, suite 1500
  Dallas, Texas 75201
  Telephone:  (214) 978-4000
  Fax:  (214) 978-4044

  Robert M. Masters
  robmasters@paulhastings.com
  PAUL, HASTINGS, JANOFSKY & WALKER LLP
  875 15th Street, N.W.,
  Washington, D.C. 20005
  Telephone: (202) 551-1700
  Facsimile: (202) 551-0238

  Elizabeth L. Brann
  elizabethbrann@paulhastings.com
  PAUL, HASTINGS, JANOFSKY & WALKER LLP
  4747 Executive Drive
  12th Floor
  San Diego, California 92121
  Telephone: (858) 458-3000
  Facsimile: (858) 458-3005

  *Attorneys for Plaintiff HTI IP, LLC and NetworkFleet, Inc.*

Dallas 305751v1

-7-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this pleading via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 19, 2010.

*/s/ Martin C. Robson*_____
Martin C. Robson

Dallas 305751v1