IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HTI - IP, L.L.C., et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case No: 6:09-CV-370-LED (ED Tx) |
| | ) | |
| PROCON, INC., et al., | ) | (Judge: _____ ) |
|     Defendants. | ) | |

## THE REYNOLDS & REYNOLDS CO.'S OBJECTIONS TO XIRGO TECHNOLOGIES, L.L.C.'S 30(b)(6) DEPOSITION NOTICE AND REQUEST FOR DOCUMENTS TO BE PRODUCED BY REYNOLDS & REYNOLDS 30(b)(6) REPRESENTATIVES

TO:    Xirgo Technologies, L.L.C., by and through its counsel of record, Michael Harris, SoCal IP Law Group, L.L.P., 310 N. Westlake Blvd., Ste. 120, Westlake Villiage, California 91362.


COMES NOW, The Reynolds & Reynolds Co., a non-party to this lawsuit, and pursuant to

FED. R. CIV. P. (c)(2)(B), files the following Objections to Xirgo Technologies, L.L.C.'s 30(b)(6)

Deposition Notice and Request for Documents to be Produced by Reynolds and Reynolds 30(b)(6)

Representatives.

1

Respectfully submitted,

JOHN C. ALLEN, P.C.

By: /s/ John C. Allen
    John C. Allen
    T.B.A. No.: 01042800
    Fed. Bar No.: 6322
    Aaron D. Weinberg
    T.B.A. No.: 00795714
    Fed. Bar No.: 20048
    1225 Two Houston Center
    909 Fannin Street
    Houston, Texas  77010
    713-654-7000 (Telephone)
    713-654-7074 (Facsimile)

    ATTORNEYS FOR THE REYNOLDS
    & REYNOLDS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following counsel of record via certified mail, return receipt requested, facsimile and/or messenger on this the 23RD day of July, 2010:

SoCal IP Law Group, L.L.P.
Mr. Michael Harris
310 N. Westlake Blvd., Ste. 120
Westlake Village, California 91362
(805) 230-1350 (Telephone)
(805) 230-1355 (Facsimile)
mharris@socalip.com


    /s/ John C. Allen
    JOHN C. ALLEN
    AARON D. WEINBERG

1.   Transfer of any Patents-in-suit to or from Reynolds and Reynolds.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—the "transfer of any Patents-in-suit to or from Reynolds and Reynolds"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

2.   Reynolds and Reynolds' acquisition and divestiture of NetworkCar including any negotiations.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in

3

their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"the acquisition and divestiture of NetworkCar including any negotiations"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

3.   Infringement of any Patent-in-suit.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A). This topic/request is so broad as to be meaningless. Reynolds has not been accused of infringement, nor has it accused any other person or entity of infringement.

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.
Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

4.   Licensing, granting or offering licensing or granting any right to use any Patent-in-suit.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A). This topic/request is so broad as to be meaningless. Reynolds has not been accused of infringement, nor has it accused any other person or entity of infringement.

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—the "licensing, granting or offering licensing or granting any right to use any Patent-in-suit"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

5.   The first offer for sale of any product or service that used the marks NETWORKCAR or NETWORKCAR and design, which marks are the subject of the United States Trademark Registration Nos. 2,810,620 and 2,897,117.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo

has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"the first offer for sale of any product or service that used the marks NETWORKCAR or NETWORKCAR and design"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

6.   Oral or written communication after 2007 with Hughes or any of their employees, attorneys, employees of their attorneys, investigators or agents.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"oral or written communication after 2007 with Hughes or any of their employees, attorneys, employees of their attorneys, investigators or agents"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

7.   The prosecution of any Patents-in-suit.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"the prosecution of any Patents-in-suit"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

8.   Prior art known to Reynolds and Reynolds that teaches any Wireless Vehicle Diagnostic System or any component of such a system.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request is unintelligible. The word "teaches" does not make sense. Prior art is inanimate and does not "teach" anything. Moreover, a "Wireless Vehicle Diagnostic System or any component of such a system" is likewise inanimate, and not capable of being "taught." To the extent the word "teach" is being used figuratively, in a more expansive sense, then the request is vague, overly broad, and unintelligible.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party. Reynolds further objects that the request calls for the production of information protected by the trade secret privilege. TEX. R. EVID. 507.

Finally, Reynolds objects that the requested information—"prior art known to Reynolds and Reynolds that teaches any Wireless Vehicle Diagnostic System or any component of such a system"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

9.   Reynolds and Reynolds' and NetworkCar's first offers for sale of any Wireless Vehicle Diagnostics System.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"the first offer for sale of any product or service that used the marks NETWORKCAR or NETWORKCAR and design"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

10. Reynolds and Reynolds' and NetworkCar's advertising of any Wireless Vehicle Diagnostic System including the dates when the advertising was displayed.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—the "advertising of any Wireless Vehicle Diagnostic System "—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

11.   Meetings with potential customers of any Wireless Vehicle Diagnostic System.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—the "advertising of any Wireless Vehicle Diagnostic System "—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

12.   Attendance by Lowrey, Lightner, Borrego, Myers, Williams, or Cowart at any vehicle electronics convention or meeting.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—the "attendance . . . at any vehicle electronics convention or meeting"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

11

**THE REYNOLDS & REYNOLDS CO.'S OBJECTIONS TO
XIRGO TECHNOLOGIES, L.L.C.'S REQUEST FOR DOCUMENTS
TO BE PRODUCED BY REYNOLDS & REYNOLDS 30(b)(6) REPRESENTATIVES**

## REQUEST FOR PRODUCTION NO. 1

All documents concerning the transfer any of the Patent-in-suit to or from Reynolds and Reynolds.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—the "transfer of any Patents-in-suit to or from Reynolds and Reynolds"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 2

All documents relating to Reynolds and Reynolds' acquisition or divestiture of NetworkCar.

**RESPONSE:**

> Reynolds objects that the request fails to identify the deposition topics and/or
> documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R.
> CIV. P. 34(b)(1)(A).

> Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo
> has failed to establish that it would be unable to obtain the information sought in
> their request from parties to this lawsuit or some other source that is more
> convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine &
> Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance
> the need for discovery against the burden imposed on the person ordered to produce
> documents, and the status of a person as a non-party is a factor that weighs against
> disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

> Reynolds further objects that the topic is overly broad and unduly burdensome.
> Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and
> is an impermissible fishing expedition.

> Reynolds further objects that the request seeks the production of confidential and
> proprietary business information of a non-party.

> Finally, Reynolds objects that the requested information—"the acquisition and
> divestiture of NetworkCar including any negotiations"—does not have any relevance
> to any party's claim or defense, nor is it reasonably calculated to lead the discovery
> of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 3

All documents originating with NetworkCar and received by Reynolds and Reynolds
before the acquisition of NetworkCar.

**RESPONSE:**

> Reynolds objects that the request fails to identify the deposition topics and/or
> documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED.
> R. CIV. P. 34(b)(1)(A).

> Reynolds further objects on the grounds that it is not a party to this lawsuit and
> Xirgo has failed to establish that it would be unable to obtain the information
> sought in their request from parties to this lawsuit or some other source that is
> more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine
> & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to
> balance the need for discovery against the burden imposed on the person ordered
> to produce documents, and the status of a person as a non-party is a factor that

weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"documents originating with NetworkCar and received by Reynolds "—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 4

All documents originating with Reynolds and Reynolds and received by NetworkCar before the acquisition of NetworkCar.

## RESPONSE:

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be  unable to obtain  the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"documents originating with Reynolds and Reynolds and received by NetworkCar "—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 5

All documents to or from any agent involved in Reynolds and Reynolds' acquisition of Networkcar.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"documents to or from any agent involved in Reynolds and Reynolds' acquisition of Networkcar"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 6

All documents concerning Reynolds and Reynolds' divestiture of the assets of NetworkCar.

**RESPONSE:**

Reynolds objects that this request is cumulative of Request for Production No. 2. Without waiver objection, see Request No. 2.

## REQUEST FOR PRODUCTION NO. 7

All documents to or from any agent such as a business broker, investment banker or consultant involved in Reynolds and Reynolds' divestiture of the assets of NetworkCar.

**RESPONSE:**

Reynolds objects that this request is cumulative of Request for Production No. 2. Without waiver objection, see Request No. 2.

## REQUEST FOR PRODUCTION NO. 8

All communications charging any third party with infringement of any of the Patents-in-suit.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"communications charging any third party with infringement"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 9

All communications offering to license or otherwise grant any third party any right to use any of the Patents-in-suit.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A). This topic/request is so broad as to be meaningless. Reynolds has not been accused of infringement, nor has it accused any other person or entity of infringement.

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"communications offering to license . . . any of the Patents-in-suit"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 10

All documents from any third party that mention any of the Patents-in-suit.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"documents from any third party that mention any of the Patents-in-suit"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 11

Documents showing the first offer for sale of any product or service that used the marks NETWORKCAR or NETWORKCAR and design, CAREADER and KNOW WHAT YOUR CAR IS THINKING, which marks are the subject of respective United States trademark registrations or applications Reg. No. 2,810,620, Reg. No. 2,897,117, Appl. Ser. No. 78/210,158 and Reg. No. 2,808,703.

## RESPONSE:

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"the first offer for sale of any product or service that used the marks NETWORKCAR or NETWORKCAR and design"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 12

Documents relating to the trademark registrations of the marks NETWORKCAR or NETWORKCAR and design, CAREADER and KNOW WHAT YOUR CAR IS THINKING, which marks are the subject of respective United States trademark registrations or applications Reg. No. 2,810,620, Reg. No. 2,897,117, Appl. Ser. No. 78/210,158 and Reg. No. 2,808,703, including all documents used to determine the date of first use for each mark.

## RESPONSE:

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"trademark registrations of the marks NETWORKCAR or NETWORKCAR and design, CAREADER and KNOW

WHAT YOUR CAR IS THINKING"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 13

Any written communication after 2007 with Hughes or any of their employees, attorneys, employees of their attorneys, investigators or agents.

## RESPONSE:

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"written communication after 2007 with Hughes or any of their employees, attorneys, employees of their attorneys, investigators or agents"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 14

All prior art concerning a Wireless Vehicle Diagnostic System or any component or process step of any Wireless Vehicle Diagnostic System.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition. In particular, the request for "prior art . . . concerning any component or process step" is vague, ambiguous, and overly broad.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party. Reynolds further objects that the request calls for the production of information protected by the trade secret privilege. TEX. R. EVID. 507.

Finally, Reynolds objects that the requested information—"prior art known to Reynolds and Reynolds that teaches any Wireless Vehicle Diagnostic System or any component of such a system"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 15

Documents relating to the first offer for sale of any Wireless Vehicle Diagnostic System.

**RESPONSE:**

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine &*

*Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"the first offer for sale of any Wireless Vehicle Diagnostic System"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 16

Documents concerning Lowrey, Lightner, Borrego, Meyers, Williams or Cowart attending meetings with potential customers of any Wireless Vehicle Diagnostic System.

### RESPONSE

Reynolds objects that the request fails to identify the deposition topics and/or documents sought with "reasonable particularity." FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 34(b)(1)(A).

Reynolds further objects on the grounds that it is not a party to this lawsuit and Xirgo has failed to establish that it would be unable to obtain the information sought in their request from parties to this lawsuit or some other source that is more convenient, less burdensome, or less expensive. *See Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993)("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."); *See also* FED.R.CIV.P. 45 (c)(2)(B).

Reynolds further objects that the topic is overly broad and unduly burdensome. Reynolds further objects that the topic is vague, ambiguous, not limited in scope, and is an impermissible fishing expedition.

Reynolds further objects that the request seeks the production of confidential and proprietary business information of a non-party.

Finally, Reynolds objects that the requested information—"meetings with potential

customers"—does not have any relevance to any party's claim or defense, nor is it reasonably calculated to lead the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).